# CENTRAL DISTRICT OF ILLINOIS

**E-FILED**
Thursday, 06 October, 2005 12:56:30 PM
Clerk, U.S. District Court, ILCD

CLETUS BONES N-43426 )

**RECEIVED**       Plaintiff )
)
OCT 0 6 2005 )
)
U.S. CLERK'S OFFICE    vs. )
PEORIA, ILLINOIS )

Case No. 05-1302

ROGER E. WALKER JR. ET. AL. )

DONALD SNYDER, DONALD HULICK, )

SEVERIA MORRIS, TERRI ANDERSON )
)
)
Defendant(s) )

## COMPLAINT

☒      42 U.S.C. §1983 (suit against state officials for constitutional violations)

☐      28 U.S.C. § 1331 (suit against federal officials for constitutional violations)

☐      Other _____

*Please note: This form has been created for prisoners but can be adapted for use by non-prisoners.*

Now comes the plaintiff, _____CLETUS BONES_____, and states as follows:

My current address is: HENRY HILL CORRECTIONAL CENTER, PO BOX 1700,

GALESBURG, ILLINOIS 61401

The defendant ROGER E. WALKER JR. , is employed as DIRECTOR OF ILLINOIS

DEPARTMENT OF CORRECTIONS at 1301 CONCORDIA COURT, SPRINGFIELD, ILLINOIS

The defendant DONALD N. SNYDER , is employed as DIRECTOR OF THE ILLINOIS

DEPARTMENT OF CORRECTIONS at 1301 CONCORDIA COURT, SPRINGFIELD, ILLINOIS

The defendant DONALD HULICK , is employed as WARDEN OF ILLINOIS RIVER

CORRECTIONAL CENTER at ROUTE 9 WEST, PO BOX 999, CANTON, ILL.

The defendant SEVERIA MORRIS , is employed as ILLINOIS DEPARTMENT OF

PRISON REVIEW BOARD at 319 EAST MADISON ST., SUITE A, SPRINGFIELD, ILL.

(revised 9/96)

The defendant BTLARS ANDERSON is employed as ILLINOIS DEPARTMENT

OF CORRECTION(ADM. REVIEW BOARD) _____ at 1301 CONCORDIA COURT, SPRINGFIELD, ILLINOIS

Additional defendants and addresses _____

_____

****************************************************************************************

_____

For additional plaintiffs or defendants, provide the information in the same format as above on a

separate page.

## LITIGATION HISTORY

A.  Have you brought any other lawsuits in state or federal court dealing with the same facts involved

in this case?                    Yes        ☐                    No XXXXXX

If yes, please describe    NOT APPLICABLE _____

_____

B.  Have you brought any other lawsuits in state or federal court while incarcerated?

                              Yes    XXX                    No  ☐

C.  If your answer to B is yes, how many?  __1__  Describe the lawsuit in the space below.  (If there

is more than one lawsuit, describe the additional lawsuits on another piece of paper using the same

outline.)

1.  Parties to previous lawsuit:

    Plaintiff(s)   ILLINOIS DEPARTMENT OF CORRECTIONS, ILLINOIS PRISONER REVIEW BOARD

    Defendant(s)   ROGER E. WALKER JR., KEN TUPEY _____

    _____

2.  Court (if federal court, give name of district; if state court, give name of county)

    SANGAMON COUNTY 7TH JUDICIAL CIRCUIT _____

3. Docket Number/Judge   2003-MR-000377, HONOABLE JUDGE ROBERT J. EGGERS _____

2

4. Basic claim made UNLAWFULL INCARCERATION, DUE TO I.DOO.C. CLERICAL ERRORS

5. Disposition (That is, how did the case end. Was the case dismissed? Was it appealed? Is it still pending?) STATE ADMIITTED CLERICAL ERRORS AND CORRECTED MITTIMUS

6. Approximate date of filing of lawsuit (MANDAMUS) 8/18/03

7. Approximate date of disposition 8/05/2005

For additional cases, provide the above information in the same format on a separate page.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

A. Is there a grievance procedure available at your institution? Yes ☒ No ☐

B. Have you filed a grievance concerning the facts relating to this complaint? Yes ☒ No ☐

If your answer is no, explain why not PLAINTIFF EXHAUSTED

C. Is the grievance process completed? Yes ☒ No ☐

*PLEASE NOTE: THE PRISON LITIGATION REFORM ACT BARS ANY INCARCERATED PERSON FROM BRINGING SUIT CONCERNING THE CONDITIONS OF HIS CONFINEMENT UNLESS AND UNTIL HE HAS EXHAUSTED AVAILABLE ADMINISTRATIVE REMEDIES. PLEASE ATTACH COPIES OF MATERIALS RELATING TO YOUR GRIEVANCE.*

## COMPLAINT

ON 4-17-97 THE PLAINTIFF WAS CONVICTED OF <u>POSSESSION OF A CONTROLLED</u>
SUBSTANCE, A CLASS 4 FELONY. THE PLAINTIFF WAS SENTENCED TO SERVE ONE YEAR
WITHIN THE ILLINOIS DEPARTMENT OF CORRECTIONS ALONG WITH ONE YEAR OF
MANDATORY SUPERVISED RELEASE. ON 7-2-97 THE CIRCUIT COURT OF COOK
COUNTY ISSUED A CORRECTED MITTIMUS CREDITING THE DEFENDANT WITH 20
ACTUAL DAYS AGIANST HIS CONVICTION. UPON THE ILLINOIS STATE LAW THE
PLAINTIFF WAS TO BE GIVEN DAY FOR DAY CREDIT. WHICH WOULD HAVE
CALCULATED HIS OUT DATE TO BE 9-27-97. THE PALINTIFF WAS EVENTUALLY
LET OUT ON 11-4-97 FROM THE ILLINOIS DEPARTMENT OF CORRECTIONS. THIS
IS 38 DAYS OF UNLAWFULL INPRISONMENT FROM THE INDIVIDUALS ENVOLVED
IN THIS FOREGOING MATTER. THE PLAINTIFF ADVENTUALLY WAS CHARGED WITH
ANOTHER CRIME IN 1999. UPON BEING CHARGED ON 3-29-1999, THE PLAINTIFF
FOUND OUT THAT THERE WAS A PAROLE HOLD FROM THE PREVIOUS CASE OF THE
CLASS 4 FELONY IN WHICH HE HAD ALREADY SERVED HIS IMPRISONMENT ON.
THE PLAINTIFF'S PAROLE SHOULD HAVE BEEN TERMINATED ON 9-27-98, AGAIN
DUE TO THE ERRORS FROM THE DEPARTMENT OF CORRECTIONS HE WAS STILL
CURRENTLY SERVING PAROLE TIME THAT SHOULD HAVE ALREADY BEEN TERMINATED.
THE PLAINTIFF WAS NOT ALLOWED TO BOND OUT ON THE NEW CHARGE BECAUSE
OF THE PAROLE HOLD ON HIS CLASS 4 FELONY. IN WHICH THE PALINTIFF DID
AN ADDITIONAL 182 DAYS OF PAROLE WHICH HAS A TOTAL AMOUNT OF 220 DAYS
OF UNLAWFUL IMPRISONMENT BY THE ILLINOIS DEPARTMENT OF CORRECTIONS.

THE PETITTONER ADVENTUALLY FILED A MANDAMUS AGAINST THE ILLINOIS
DEPARTMENT OF CORRECTIONS TO CLEAR THE MISTAKE UP. TO THE LACK OF
NEGLIGENCE THE ILLINOIS DEPARTMENT OF CORRECTIONS HAD THE PLAINTIFF
LISTED AS CHARGED WITH <u>MANUFACTURING AND DELIVERY OF A CONTROLLED SUBSTANCE</u>,
WHEN THE ORIGINAL CHARGE ONLY CONSISTED OF <u>POSSESSION OF A CONTROLLED</u>
<u>SUBSTANCE</u> WHICH IS A CLASS 4 FELONY. DUE TO THE NEGLECT OF THE ILLINOIS

DEPARTMENT OF CORRECTIONS THE PLAINTIFF SPENT SEVERAL DAYS OF UNLAWFULL
IMPRISONMENT WHICH IS A VIOLATION OF THE DUE PROCESS CLAUSE OF THE
FOURTEENTH ADMENDMENT. THE EXHIBITS OUTLINED IN THIS CLAIM WILL SERVE
THE PURPOSE AND SHOW THAT DUE TO THE MALICIOUS ERRORS FROM THE ILLINOIS
DEPARTMENT STAFF THE PALINTIFF WAS INCARCERATED LONGER THAN WHAT WAS
IMPOSED FROM A TRIAL COURT OF THE STATE.

FURTHERMORE, UPON RE-ENTRY INTO THE ILLINOIS DEPARTMENT OF CORRECTIONS
FOR A CONVICTION IN 1999, THE PLAINTIFF BECAME A ESCAPE RISK DUE TO
A VIOLATION OF PAROLE, WHICH SHOULD NOT HAVE BEEN IN EXISTANCE AND SHOULD
HAVE BEEN TERMINATED IN 1998. DUE TO THE NEGLECT FROM THE STAFF THE INMATE,
PLAINTIFF, WAS GIVEN THAT CLASSIFICATION DUE TO WHAT THE DEPARTMENT OF
CORRECTIONS CONSIDERED TO BE AWOLO THIS CLASSIFICATION ALONE DISCRIMINATED
AGAINST THE PLAINTIFF AND FURTHER STOPPED HIM FROM REHABILITATION DUE
TO THE INTENT OF THE STAFF OF THAT DEPARTMENT. HAD THE VIOLATION NOT BEEN,
THERE, WHICH SHOULD HAVE BEEN TERMINATED. THE PLAINTIFF WOULD NOT HAVE
RECEIVED THIS CLASSIFAICATION AND THE PLAINTIFF WOULD HAVE BEEN ALLOWED
TO FURTHER REHABILITATE HIMSELF.

## RELIEF REQUESTED

DUE TO THE APPARENT MALICIOUS INTENT AS WELL AS THE NEGLECT OF THE
STAFF OF THE ILLINOIS DEPARTMENT OF CORRECTIONS, AND IN VIOLATION OF
THE DUE PROCESS CLAUSE OF THE FOUR TEENTH ADMENDMANT THE PLAINTIFF WILL
BE ASKING THIS COURT TO AWARD THE PLAINTIFF THE AMOUNT OF $250.00 PER
DAY OF UNLAWFULL INCARCERATION AGAINST THE INDIVIDUALS SET FORTH IN THIS
CLAIM. THE PLAINTIFF WAS UNLAWFULLY INCARCERATED WITHIN THE ILLINOIS
DEPARTMENT OF CORRECTIONS FOR A TOTAL OF 220 DAYS. THE TOTAL AMOUNT IN
WHICH THE PLAINTTFF IS SEEKING FOR DAMAGES SET FORTH IN THIS PETITION
WILL BE $55,000.00 FOR THE UNLAWFULL IMPRISONMENT SET FORTH FROM THE

INDIVIDUALS IN THIS PETITION. AND ANY OTHER PUNITIVE DAMAGES FOR MENTAL

ANGUISH, DEPRESSION, AND EMOTIONAL STRESS CAUSED BY THE UNLAWFULL

IMPRISONMENT. THIS PLAINTIFF ASK THAT THIS HONOABLE SET FORTH THE DAMAGES

SET FORTH FOR THE PUNITIVE DAMAGES.


JURY DEMAND IS REQUESTED BY THE PLAINTIFF

                                        /S/ _____

                                        CLETUS BONES
                                        N-43426
                                        HENRY HILL CORRECTIONAL CENTER
                                        PO BOX 1700
                                        GALESBURG, ILLINOIS
                                                        61401

SUBSCRIBED AND SWORN BEFORE ME ON

THIS  27  DAY OF Sept , 2005

_____

NOTARY PUBLIC


    "OFFICIAL SEAL"
    Lenard E. Palmer
    Notary Public, State of Illinois
    My Commission Exp. 09/29/2007

## AFFIDAVIT OF AFFIRMATION UNDER PENALTY OF PERJURY

I CLETUS BONES, AFFIANT, DO HEREBY DECLARE AND AFFIRM PURSUANT TO
28 USC 1746, 18 USC 1621, OR 735 ILCS 5/109, UNDER PENALTY OF PERJURY,
THAT EVERYTHING CONTAINED HEREIN IS TRUE AND ACCURATE TO THE BEST OF
MY KNOWLEDGE AND BELIEF. I FURTHER DECLARE AND AFFIRM THAT THE CONTENTS
OF THE FOREGOING DOCUMENTS ARE KNOWN TO ME AND ARE ACCURATE TO THE BEST
OF MY KNOWLEDGE AND BELIEF. FINALLY, I DO DECLARE AND AFFIRM THAT THE
MATTER AT HAND IS NOT TAKEN FRIVOLOUSLY OR MALICIOUSLY AND THAT I BELIEVE
THE FOREGOING MATTER IS TAKEN IN GOOD FAITH.

SIGNED THIS 27 DAY OF Sept. ,2005

/S/ _Cletus B. Bones_
CLETUS BONES
N-43426

EXHIBIT 1-15

..........................................................................

EXHIBIT 1-15 SUPPORTS THAT THE PLAINTIFF
EXHAUSTED ANY AND ALL ADMINISTRATIVE REMEDIES
WITHIN THE ILLINOIS DEPARTMENT OF CORRECTIONS

ILLINOIS DEPARTMENT OF CORRECTIONS
## RESPONSE TO COMMITTED PERSON'S GRIEVANCE

2A67

| Grievance Officer's Report |
|---|

Date Received: 1-7-05          Date of Review: 1-21-05          Grievance # (optional): 05-1243

Committed Person: **BONES**          ID#: **N43426**

Nature of Grievance: Staff conduct

Master records

*Inmate Notes: Appeal to ARB.
See Attached Letter / Response*

Facts Reviewed: The facts presented were examined. The inmate states that he has asked for records from his master file dealing with a court records. The case was from 1997.

Inmate's grievance is with the court system, and should be addressed with that body.

*Inmate attached Letter of Response
to this decision and forwarded
both this response from the CAO
and Letter of Response to the
Director Roger E. Walker Jr.
Administrative Review Board.
Clotus Bones ＊*

JAN 2005
Received
Operations

JAN 2005
RECEIVED

Recommendation: Based upon a total review of all available information, it is the recommendation of this grievance officer that the inmate's grievance be **DENIED**. Staff are following established institutional policy and procedures as it relates to inmate master files.

The inmate's allegation of staff misconduct **CAN NOT BE SUBSTANTIATED**.

Robert K. Schisler, CLAS II                                   RK Schisl
_____                                   _____
Print Grievance Officer's Name                              Grievance Officer's Signature
(Attach a copy of Committed Person's Grievance, including counselor's response if applicable)

| Chief Administrative Officer's Response |
|---|

Date Received: 1/26/05          ☑ I concur          ☐ I do not concur          ☐ Remand

Comments:

Nd A/Let²                                        1-26-05

_____                                   _____
Chief Administrative Officer's Signature                              Date

| Committed Person's Appeal To The Director |
|---|

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

_____          _____          _____
Committed Person's Signature                         ID#                              Date

Part 1 of 2

2A67

1/14/05
gKS

### ILLINOIS DEPARTMENT OF CORRECTIONS
### COMMITTED PERSON'S GRIEVANCE

05-1243

| Date: DEC. 29, 2004 | Committed Person: (Please Print) CLETUS BONEN | ID#: N 73426 |
| --- | --- | --- |
| Present Facility: HILL CORRECTIONAL | | Facility where grievance issue occurred: Hill Corr. Ctr. |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [x] Restoration of Good Time
- [ ] Medical Treatment
- [ ] Disability
- [x] Other (specify): Correct Calculation Sheet - Mittimis Security Reduced - Order of Circuit Judge / Records Office Hill CC. Centralia CC.

- [ ] Disciplinary Report: _____ Date of Report

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** In pursuant to IDOC DR 504 Grievance Procedures and Staff Conduct of DR 120, DR 501, AD 03.02.108; Discrimination - Performance of Duty and Denial of Administrative Remedy, Hill Correctional Center, and Centrailia Corr. Ctr has violated deliberately their own governing laws, rules and regulations as set within the guidelines of 730 ILCS-504-120. In 1996, grievant were arrested and charged with "Possession of a Control Substance" with the Intent to Delivre" Case # 96-CR-21126. After a bench trial on 2-11-97, the

**Relief Requested:**

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| CLETUS BONEN | N 73426 | 12, 29, 04 |
| --- | --- | --- |
| Committed Person's Signature | ID# | Date |

(Continue on reverse side if necessary)

---

### Counselor's Response (if applicable)

| Date Received: 12, 29, 04 | [ ] Send directly to Grievance Officer | [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |
| --- | --- | --- |

**Response:** Our records note inmate was convicted of Possession of controlled substance (Case # 96CR2112601) on 4/17/97. This issue (whatever is may be) is long passed the timetable for a grievance issue. On 9/28/04, he was reviewed for a transfer that transfer were denied by TCO. Also his security level was reviewed & the decision for medium level was made. The issues of transfers, security level & job assignment are decisions for administration to oppose not inmates.

| Simpson Ctr | SIMPSON | 1 | 5 | 05 |
| --- | --- | --- | --- | --- |
| Print Counselor's Name | Counselor's Signature | | | Date of Response |

---

### EMERGENCY REVIEW

| Date Received: ___/___/___ | Is this determined to be of an emergency nature? | [ ] Yes; expedite emergency grievance |
| --- | --- | --- |
| | | [ ] No; an emergency is not substantiated. Committed Person should submit this grievance in the normal manner. |

| _____ | ___/___/___ |
| --- | --- |
| Chief Administrative Officer's Signature | Date |

Ex. 2

grievant was found guilty of "Simple Possession of a Controlled Substance, and the Intent to Deliver charges were dismissed. Later, as the grievant were committed into the Illinois Department of Corrections; On 4-17-97 he learned that his mittmus records were in error and reflected he were committed under the offense of "Possession of a Controlled Substance with the Intent to Deliver, the very charges which were dismissed 2-11-97 by the Honorable Judge Francis X. Golniewicz Jr, Case #96-CR-2112602 (See Exhibits 1 + 2).

After filing a Motion for Nunc Pro Tunc in the Circuit Court of Cook County, On 7-2-97 per: Judge Evelyn B. Clay #1694, submitted her order of a New Corrected Mittmus reflecting the Intent to Deliver #96-CR-2112602 were dismissed and only the Simple Possession of a Controlled Substance #96-CR-2112601 were to stand as actual charge, Where the grievant were to serve (1) year in the custody of the Illinois Department of Corrections; (See Exhibits #2).

The Complaint at large is the Order of both Judges; Judge Golniewicz and Judge Clay are being delayed and denied. Irregardless to the Illinois Department of Corrections Correcting their errored records, and their knowledge of the blatant denial of Cook County Jail Records Office to Remove from their Computer Database of Information that Case #96-CR-2112602 has been dismissed. Hill Correctional Center, and Centralia Correctional Center are yet delaying and denying grievant a updated Corrected Sentence Calculation Sheet which would reflect the correct time to serve in accordance to #96-CR-2112601 as so ordered: (See Exhibits 1 + 2) + (3), and provide grievant his corrected sentence in which to serve and be granted his proper security level pursuant to the 20 Ill. Adm. Code 05.05.110 (Low).

Due to the deliberate denials to the Circuit Courts Order per: Judge Evelyn B. Clay on 7-2-97, grievant has, and continued to suffer Correct security level deprivation, denied of other detail assignments interest (including outside grounds — Industry Operations — Lower Level facilities transfer). In addition, Numerous petitions, grievances, request slips and letters have been prepared and forwarded to all departments (including clinical services — grievance officer — Wardens — EDOC Director; however, delayed and

Ex. 3

*Part 2 of 2*

### ILLINOIS DEPARTMENT OF CORRECTIONS
## COMMITTED PERSON'S GRIEVANCE

| Date: | Committed Person: (Please Print) CLETUS Bones | ID#: N43426 |
|---|---|---|
| Present Facility: Hill Correctional | Facility where grievance issue occurred: Hill Corr. Ctr | |

**NATURE OF GRIEVANCE:**

| | |
|---|---|
| ☐ Personal Property | ☐ Mail Handling    ☑ Restoration of Good Time    ☐ Disability  Correct-Calculation |
| ☑ Staff Conduct | ☐ Dietary    ☐ Medical Treatment    ☑ Other (specify): Sheet-Mittmus |
| ☐ Transfer Denial by Facility | ☐ Transfer Denial by Transfer Coordinator    Security Reduced - Order of Circuit Judge / Record Office |
| ☐ Disciplinary Report: _____ Date of Report | Facility where issued Hill CC Centralia C.C. |

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

**Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
**Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
**Chief Administrative Officer,** only if EMERGENCY grievance.
**Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** denied. In addition grievant has also submitted to Centrailia Correctional Center his request for the Records Office to forward him a copy of their files to Case # 96-CR-2112601 as suggested by the Records Office Supervisor; Mary Lindler - Rebecca Palamore (See Exhibits # 4), however, (Centralia) Corr. Ctr continued to deny grievant even as request through the Freedom of Information Act pre: Springfield Mr. Brian Fairchild; (See Exhibits # 5). Grievant have sought assistance from other enstitutions; (Illinois River) whom have provided

**Relief Requested:** _____
_____
_____

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| Cletus Bones | N-43426 | ____/____/____ |
|---|---|---|
| Committed Person's Signature | ID# | Date |

*(Continue on reverse side if necessary)*

---

| | **Counselor's Response (if applicable)** | |
|---|---|---|
| Date Received: ____/____/____ | ☐ Send directly to Grievance Officer | ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |

Response: _____
_____
_____
_____
_____

| Print Counselor's Name | Counselor's Signature | ____/____/____ Date of Response |
|---|---|---|

---

| | **EMERGENCY REVIEW** | |
|---|---|---|
| Date Received: ____/____/____ | Is this determined to be of an emergency nature? | ☐ Yes; expedite emergency grievance ☐ No; an emergency is not substantiated. Committed person should submit this grievance in the normal manner. |

| Chief Administrative Officer's Signature | ____/____/____ Date |
|---|---|

Ex. 4

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**COMMITTED PERSON'S GRIEVANCE** (Continued)

Records to reflect the order of Judge Clark to Case #96-CR-2112601. (See Exhibit #). On 10-29-04, I were informed to send my inquiry / request to Centralia Corr. Ctr. again — I did, not No-Response. I have sought the advocacy of Clinical Services at Pontiac Correctional Center; yet denied. I must be provided a Calculation sheet for the time served in the Illinois Department of Corrections 4-17-97 thru 11-4-97 on Case #96-CR-2112601, which will confirm the actual sentence time I should serve in the Illinois Department of Corrections, thereby granting grievant Appropriate Security Level — Facility Transfer — Industry Operations — Outside Clearance as grievant is now requesting; However, because this cloud of typographical error hangs over, grievant is constantly denied; thereby cause Numerous Violations of the 8th Amendment Due Process Constitutional Rights, even the blatant violations of 730 ILCS — 5-4 — 120 DR's + 20 Ill Adm. Codes of the State of Illinois Department of Corrections.

C. C. Filed
Warden Donald A Hulick
Director Roger E. Walker Jr.
Clinical Services

Ex. 5

# COMMITTED PERSON'S GRIEVANCE

| 3-7-03 | Committed Person: (Please Print) Cletus Bones | ID#: N-43426 |
|---|---|---|

| Present Facility: Hill, C.C. | Facility where grievance issue occurred: Hill, C.C. |
|---|---|

## NATURE OF GRIEVANCE:

- [ ] Personal Property
- [ ] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] Disability
- [x] Other (specify): IDOC, PRB

- [ ] Disciplinary Report: ___ / ___ / ___
  Date of Report          Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** My SECURITY level was Changed from low to high Risk, after Recieving a blue ID on Feb-13, 2003 at Hill Correctional Center. I've tried on numerous occasion's to discourse and Resolve my issue with the Cellhouse Counslor in R3, B-wing, and I was told by that Counslor that She was unable to do anything because I have to have my blue ID for a year before the institution Review my issue. I then wrote to the Record Office on numerous occasion's and my Request was unanswered. I also tried to write to the Clinical SERVice SupeRvisoR hoping that he/She would ASSist

**Relief Requested:** To be CompenSated for EVER day that I SERVE EXcessively on Parole. Terminate WARRENT on Case #99C88598. Record Change of Parole WarrRant. CompenSated for illegal process by IDOC.

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| Cletus Bones | N-43426 | 3,7,03 |
|---|---|---|
| Committed Person's Signature | ID# | Date |

*(Continue on reverse side if necessary)*

---

## Counselor's Response (if applicable)

Date Received: 4 / 8 / 03

- [ ] Send directly to Grievance Officer
- [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

**Response:** Your escape risk was reviewed on 2-8-03 and determined to be moderate (Blue ID) based on past parole AWOL.

| S. Jefferson | [signature] | 4,8,03 |
|---|---|---|
| Print Counselor's Name | Counselor's Signature | Date of Response |

---

## EMERGENCY REVIEW

Date Received: ___ / ___ / ___

Is this determined to be of an emergency nature?

- [ ] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated. Committed person should submit this grievance in the normal manner.

**RECEIVED**

APR 1 8 2003

Chief Administrative Officer's Signature

OFFICE OF INMATE ISSUES

Ex. 6

me in resolving this outrageous situation but my request was again unanswered. I've tried to utilize my administrative remedies within the institution to resolve my issue before writing this grievance but the lack of responses to my inquiries and grievances exhaust my efforts in notifying the IDOC and Prisoner Review Board of their false allegations and errors, in hopes that they will immediately clear my name and records.

These false allegations has been held against me since March 27, 1999. After a due process error that occurred in 1997, from two criminal cases that I was charged with in 1996. Both of which were mistakenly numbered 96CR21126. The offense were possession of controlled substance, and delivery of controlled substance. Twenty days after I was arrested I bonded out on 7-22-96. During the following year 1997 I had a bench trial 2-11-97 and I was found guilty of the PCS and the other case DCS was thrown out. I was subsequently sentenced to one year in IDOC as a class 4-felony carries 1-3 years, followed by 1-year MSR under Statutory Citation Law 720 570-ILCS 402/C. But unbeknownst to me, I was processed for the greater offense of distribution which is a class 1-felony and carries 4-15 years in custody, and two 2-year MSR under Statutory Citation Law 720-ILCS 570-401-C-2. As can be plainly seen on the mittimus papers, the court corrected the mistake at their level on 7-2-97, but the IDOC did not.

Since March 27, 1999, I have been exposed to a virus of punishments by the tint of an illegal sentence and process. These actions are a violation of both State and United States Constitution. After I was released on 11-4-97, I continued to see my Parole Officer once a month as required and I continuously inquired about the error that had been made but he continually put me off with some pretext or another, constantly telling me he would handle it but never fulfilling his promise. I was arrested on March 27, 1999 for a different offense and when I tried to bond out I was told that I had a parole warrant. That was how I found out that the IDOC and PRB had never corrected the sentence as required by the Judge who issued the corrected mittimus on 7-2-97. At no time during my incarceration at Cook County Jail was I ever notified that I had violated my parole.

Ex. 1

## Grievance Continued:

In which was to have previously terminated by then in any case. I wrote a grievance in concern of the matter when I was in Cook County Jail, but I never heard anything on it. I also wrote a letter on April 1, 1999, to the Parole agency and there wasn't any changes. I was sentenced for this new offense on March 14, 2001 and sent to the I DOC. Case #99CR8598. I arrived at Centralia, Correctional Center on 3-27-01, I was told by the Receiving Counselor there that the Parole Board was going to see me concerning the alleged Parole Violation on April 11, 2001, but that interview never happened. I then sent a request to the record office and I was told that I was being rescheduled, as of this day I still have not heard from the Parole board or the I DOC concerning their error. But I am still being punished for their wrongful allegation. I have been denied bond by the Cook County Dept of Correction for a warrant from the I DOC. I have been forced to serve many years on Parole, I've been denied to be transferred to a minimum Security facility, I've been denied institutional jobs because of these false allegations, I have a high Risk Security I D due to no fault of my own.

Ex. 8

Cletus Bones, # N-43426
Hill, Correctional Center,

RECEIVED

APR 1 8 2003

OFFICE OF
INMATE ISSUES

**1C63**

ILLINOIS DEPARTMENT OF CORRECTIONS

## RESPONSE TO COMMITTED PERSON'S GRIEVANCE

| Grievance Officer's Report |
|---|

**Date Received:** March 7, 2003        **Date of Review:** July 23, 2003        | **Grievance #** (optional):

**Committed Person:** Cletus Bones                                ID#: N43426

**Nature of Grievance:** IDOC, Prisoner Review Board

**Facts Reviewed:** Inmate Bones states that his security level was changed from low to high and he was given a blue I.D. Inmate states this is a result of IDOC and the Prisoner Review Board not correcting a mistake in his record. He claims he was convicted of one charge but was processed for another . He states a judge corrected this mistake on 7-2-97. Inmate wants compensation, record cleared, and warrant terminated. Input from clinical services states the inmate's escape risk was reviewed on 2-8-03 and it was determined to be MODERATE (blue I.D.) based upon past parole AWOL. Based upon the information received from the clinical sevices counselor the grievance officer recommends the grievance be denied.

**Recommendation:** Grievance denied.

Gary L. Pampel
_____                    _____
Print Grievance Officer's Name                    Grievance Officer's Signature
**(Attach a copy of Committed Person's Grievance, including counselor's response if applicable)**

| Chief Administrative Officer's Response |
|---|

**Date Received:** 7/24/03        ☑ I concur        ☐ I do not concur        ☐ Remand

**Comments:**

_____                                        7/24/03
Chief Administrative Officer's Signature                              Date

| Committed Person's Appeal To The Director |
|---|

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

_____                    _____                    _____
Committed Person's Signature                    ID#                    Date



**Illinois**
Department of
**Corrections**

**Rod R. Blagojevich**
Governor

**Roger E. Walker, Jr.**
Director

1301 Concordia Court / P.O. Box 19277 / Springfield IL 62794-9277 / Telephone: (217) 522-2666 / TDD: (800) 526-0844

October 2, 2003

Cletus Bones
Register No. N43426
Hill Correctional Center

Dear Mr. Bones:

This will acknowledge receipt of your grievance to the Administrative Review Board received August 7, 2003, regarding classification (moderate escape risk) at the Hill Correctional Center.

Your written grievance dated March 7, 2003, was reviewed. You request monetary compensation for excess parole, termination of a warrant and documentation of same.

The issue of your parole violation is beyond the jurisdiction of this Department. You may wish to contact the Illinois Prisoner Review Board (319 East Madison St., Suite A, Springfield, IL 62701) with regard to this issue.

The Grievance Officer's report dated July 23, 2003, regarding the escape risk designation was reviewed. It was the recommendation of the Grievance Officer the grievance be denied and the Warden concurred on July 24, 2003.

Clinical Services staff were contacted regarding your escape risk classification. This office was advised your escape level was reviewed on February 2003, noting moderate escape risk. Documentation indicates the moderate designation is due to past parole AWOL.

Recommendation: Based upon a total review of all available information this Chairperson recommends this grievance be denied as the offender's escape risk designation has been reviewed in accordance with established Department policy and procedure.

For the Board:

Nancy S. Tucker, Chairperson
Administrative Review Board
Office of Inmate Issues

Concurred.

Roger E. Walker Jr., Director

Cc:     Warden – Hill Correctional Center
         Cletus Bones, Register No. N43426
         Chron. File

Ex. 10

ILLINOIS DEPARTMENT OF CORRECTIONS

## Administrative Review Board
## Return of Grievance or Correspondence

**Offender:** _Bones_ _Cledus_ _N43426_
Last Name          First Name          MI          ID#

**Facility:** _STA_

☒ Grievance (Local Grievance # (If applicable): _____ )   or   ☐ Correspondence
**Received:** _10, 29, 02_   **Regarding:** _PRB issue_
Date

---

The attached grievance or correspondence is being returned for the following reasons:

**Additional Information required:**

☐ Use the Committed Person's Grievance Report, DOC 0047 (formerly DC 5657), including the Grievance Officer's and Chief Administrative Officer's response, to appeal.

☐ Provide a copy of the Committed Person's Grievance, DOC 0046 (formerly DC 5657) including the counselor's response if applicable).

☐ Provide date(s) of disciplinary report(s) and facility where incident(s) occurred.

☐ Unable to determine nature of grievance or correspondence; submit additional specific information.  Please return the attached grievance or correspondence with the additional information requested to:   Administrative Review Board
Office of Inmate Issues
1301 Concordia Court
Springfield, IL   62794-9277

---

**Misdirected:**

☐ Contact your correctional counselor regarding this issue.

☐ Request restoration of Good Conduct Credits (GCC) to Adjustment Committee.  If request is denied, utilize the inmate grievance process outlined in Department Rule 504 for further consideration.

☐ Contact the Record Office with your request or to provide additional information.

☐ Personal property issues are to be reviewed at your current facility prior to review by the Administrative Review Board.

☒ Address concerns to:  Illinois Prisoner Review Board
319 E. Madison St., Suite A   ← _Sent grievance out on 11-13-02_
Springfield, IL   62706

---

**No further redress:**

☐ Award of Meritorious Good Time (MGT) and Statutory Meritorious Good Time (SMGT) are administrative decisions; therefore, this issue will not be addressed further.

☐ Not submitted in the timeframe outlined in Department Rule 504; therefore, this issue will not be addressed further.

☐ This office previously addressed this issue on ____ / ____ / ____.
Date

☐ No justification provided for additional consideration.

---

**Other** (specify): _____

---

**Completed by:** _D GRAVEN_
Print Name          Signature          _10 27 02_
Date

Distribution:  Offender; Inmate Issues

Ex. 11

DOC 0070 (10/2001)
(Replaces DC 710-1274)

ILLINOIS DEPARTMENT OF CORRECTIONS

## Administrative Review Board
## Return of Grievance or Correspondence

**Offender:** _Bones_ _Cletus_ _N43426_
Last Name          First Name          MI          ID#

**Facility:** _STA_

☒ Grievance (Local Grievance # (if applicable): _____)     or     ☐ Correspondence

**Received:** _11 / 22 / 02_     **Regarding:** _PAROLE VIOLATION 1999_
Date

The attached grievance or correspondence is being returned for the following reasons:

**Additional information required:**

☐ Use the Committed Person's Grievance Report, DOC 0047 (formerly DC 5657), including the Grievance Officer's and Chief Administrative Officer's response, to appeal.

☐ Provide a copy of the Committed Person's Grievance, DOC 0046 (formerly DC 5657) including the counselor's response if applicable).

☐ Provide date(s) of disciplinary report(s) and facility where incident(s) occurred.

☐ Unable to determine nature of grievance or correspondence; submit additional specific information. Please return the attached grievance or correspondence with the additional information requested to:     Administrative Review Board
Office of Inmate Issues
1301 Concordia Court
Springfield, IL   62794-9277

**Misdirected:**

☐ Contact your correctional counselor regarding this issue.

☐ Request restoration of Good Conduct Credits (GCC) to Adjustment Committee. If request is denied, utilize the inmate grievance process outlined in Department Rule 504 for further consideration.

☐ Contact the Record Office with your request or to provide additional information.

☐ Personal property issues are to be reviewed at your current facility prior to review by the Administrative Review Board.

☐ Address concerns to:  Illinois Prisoner Review Board
319 E. Madison St., Suite A
Springfield, IL   62706

**No further redress:**

☐ Award of Meritorious Good Time (MGT) and Statutory Meritorious Good Time (SMGT) are administrative decisions; therefore, this issue will not be addressed further.

☒ Not submitted in the timeframe outlined in Department Rule 504; therefore, this issue will not be addressed further.

☐ This office previously addressed this issue on _____/_____/_____.
Date

☐ No justification provided for additional consideration.

**Other** (specify): _____

**Completed by:** _DGRANEM_          _[signature]_          _12 / 2 / 02_
Print Name                    Signature                    Date

Distribution:  Offender; Inmate Issues

Ex. 12
Received 12-12-02

DOC 0070 (10/2001)
(Replaces DC 710-1274)

# EXHIBIT #

**To: Name** Bones   # N43426   **Location:** E718

*Sent to file on 9-14-02*



### From the desk of:
## Karen Rabideau
**E-House Counselor**

**Date:** 9-18-02

Cletus,

I sent a copy of your grievance and all forms to Record Office Supervisor, and am waiting for this response. Keep being patient is all I can tell you — easier said than done, I know!! I'll let you know when I get something back.

Ms. Rabideau

Ex. 13

*Exhibit #*

Box 834

**INMATE REQUEST**

TO  Rebecca Philmore, Record Office

INMATE NAME  Cletus Bowes

HOUSING UNIT  R2, A #62

WORK ASSIGNMENT/SHIFT  Dietary

Hill C.C.
Received
OCT 25 2004
RECORDS OFFICE

DATE  10-25-04

NUMBER  N-23226

Rec - A - 06)

I WISH TO BE INTERVIEWED REGARDING:  I would like to talk to you concerning my
Past Conviction that I served time on, Namely 4-17-97, thru
11-4-97. "I Recently Requested a Calculation Sheet for the
Dept. on Case #96-CR-2112601. Indicating the I served from
4-17-97 until 8-31-97. However, I court office records Show that
I was Released from the I.R.C. on 8-31-97.
but it's INCORRECT. "I was Released from the I.R.C. on
11-4-97. Could you Please forward me a Correct Calculation
Sentence Sheet on Case #96-CR-2112601.
I humbly await your Reply.

INMATE'S SIGNATURE  C. Bowes  Thank you very much.

DCA 070-5200
IL 426-21724

You would need to write the
motion from centralia c.c. as you did for
them on 9/23/98  Rep  10/25/04

Ex. 14

**Illinois Correctional Center**
**INMATE REQUEST**

TO _Counselor Officer &Superior &_   DATE _4-1-03_

INMATE NAME _Clethes Bowles_   NUMBER _N-61282_

HOUSING UNIT _R1 C #63_   WORK ASSIGNMENT/SHIFT _N/a_

I WISH TO BE INTERVIEWED REGARDING: _I have to Rite to your office on_
_numerous occasions Regarding the Reasons why_
_I'm going to blue - I am Feb-13, 2003 for a better room_
_Cellassign with Non clasa Officer has Refusel to send my_
_Request. If Please inform me of my Security Situation._

AN INTERVIEW IS NOT NECESSARY, BUT I WOULD LIKE:

_____

_____

_____

_____

_Clethes Bowles_
INMATE'S SIGNATURE

DCA 070-62002
IL 434-21724

Ex. 15



**Illinois
Department of
Corrections**

**Rod R. Blagojevich**
Governor

**Roger E. Walker Jr.**
Director

1301 Concordia Court / P.O. Box 19277 / Springfield IL 62794-9277 / Telephone: (217) 522-2666 / TDD: (800) 526-0844

June 14, 2004

Mr. Cletus E. Bones
IL Register No. N43426
Hill Correctional Center
P.O. Box 1700
Galesburg, IL 61401

Dear Mr. Bones:

This is to acknowledge and respond to your correspondence to Chief Mary Hodge regarding your masterfile records.

The Illinois Department of Corrections' masterfile and computer system indicate that your Case 96CR2112601 from Cook County was for the offense of Possession of a Controlled Substance, a Class 4 felony with a sentence of 1 year. This case was discharged on September 27, 1998.

You are currently being held in the Illinois Department of Corrections on Case 99CR0859801 for the offense of Attempt Murder, a Class X felony, for which you were sentenced to a term of 8 years. This case is calculated at 85% of the 8 year sentence because the offense was committed on or after June 19, 1998. Your tentative mandatory supervised release date is June 20, 2006. Your security classification is low at the Hill Correctional Center.

The Illinois Department of Corrections does not have any control over the records of the Cook County jail. Any issues with Cook County jail must be addressed directly with Cook County jail.

I trust this addresses your concerns.

Sincerely,

*Ona M. Welch*

**Ona M. Welch**
Acting Chief Records Officer

OW:lmp

Cc:   Chief Mary Hodge
       Masterfile at Hill Correctional Center
       Correspondence File

Ex. 16

EXHIBITS 16-46

..........................................................................

EXHIBITS 16-46 SUPPORTS AND DEMONSTRATES THE
NATURE OF OFFENSE, CLASS OF CRIME, SENTENCE
BY TRIAL COURT AND REFLECTS THE ADDITTIONAL
AMOUNT SERVED IN THE ILLINOIS DEPARTMENT OF
CORRECTIONS IN VIOLATION OF THE 14TH ADMENDMENT.



**Illinois**
Department of
**Corrections**

**George H. Ryan**
Governor

**Donald N. Snyder Jr.**
Director

Centralia Correctional Center / 9330 Shattuc Rd. / P.O. Box 1266 / Centralia, IL  62801 / Telephone: (618) 533-4111 / TDD: (800) 526-0844

M E M O R A N D U M

DATE:        September 17, 2001

TO:          Cletus Bones, N43426
             E4 – D6

FROM:        Joyce Deerhake
             Acting Record Office Supervisor

SUBJECT:     Release Date

You were released on MSR from Illinois River on 11-4-97.

JD:lh
file

Ex. 17





## COOK COUNTY DEPARTMENT of CORRECTIONS
### 2700 S. CALIFORNIA AVE. CHICAGO ILL. 60608
### (773) 869-6810    FAX # (773) 869-7292

Michael Sheahan
Sheriff

Ernesto Velasco
Executive Director

### VERIFICATION OF INCARCERATION

CCDOC# 1996-9642415,        DATE: 10-1-2002

RE: Bones, Cletus Earl

YOUR # _____

D.O.B  11-17-1964

SSN:  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

TO WHOM IT MAY CONCERN:

Pursuant to your request the following information is submitted:

Date entered CCDOC:  7-4-1996

Date Released:  7-16-1996          How Release: Bond Out

Case/Indictment #:  96-133201      Case/Indictment #: _____

Charge: _____            Charge: _____

_____

_____

_____

_____

Lt. Sharon, Walls # 149
Unit Supervisor Records
Tx # (773) 869-2390
Fax # (773) 869-7292

Ex. 18

*Exhibit, B*



RECEIVED

2002 OCT 20  PM 3: 19

## COOK COUNTY DEPARTMENT of CORRECTIONS
### 2700 S. CALIFORNIA AVE. CHICAGO ILL. 60608
### (773) 869-6810   FAX # (773) 869-7292

**Michael Sheahan**
**Sheriff**

**Ernesto Velasco**
**Executive Director**

### VERIFICATION OF INCARCERATION

CCDOC# *1997-9725859*                DATE: *10-1-2002*

RE: *Bones, Cletus Each*

YOUR # _____

D.O.B *11-17-1964*

SSN: *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*

TO WHOM IT MAY CONCERN:

Pursuant to your request the following information is submitted:

Date entered CCDOC: *4-18-1997*

Date Released: *4-21-1997*                How Release: *Shipped I.D.O.C 1yR*

Case/Indictment #: *96CR21126 00*   Case/Indictment #: _____

Charge: *MANU/DEL 01-15  GR CO*  Charge: _____

_____

_____

_____

_____

Lt. Sharon, Walls # 149
Unit Supervisor Records
Tx # (773) 869-2390
Fax # (773) 869-7292

Ex. 19



# COOK COUNTY DEPARTMENT of CORRECTIONS
## 2700 S. CALIFORNIA AVE. CHICAGO ILL. 60608
### (773) 869-6810   FAX # (773) 869-7292

Michael Sheahan
Sheriff

Ernesto Velasco
Executive Director

**VERIFICATION OF INCARCERATION**

CCDOC# _1999 - 0023974_          DATE: _10-2-2002_

RE: _BONES, Cletus Eael_

YOUR # _____

D.O.B _11-17-1964_

SSN: _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_

TO WHOM IT MAY CONCERN:

Pursuant to your request the following information is submitted:

Date entered CCDOC: _3-28-1999_

Date Released: _3-16-2001_          How Release: _Shipped IDOC 8yrs_

Case/Indictment #: _99CR 8598_          Case/Indictment #: _____

Charge: _Agg Battery_          Charge: _____

_____

_____

_____

_____

Lt. Sharon, Walls # 149
Unit Supervisor Records
Tx # (773) 869-2390
Fax # (773) 869-7292

Ex. 20



*Michael F. Sheahan, Sheriff*                    *Ernesto Velasco, Executive Director*

## COOK COUNTY DEPARTMENT OF CORRECTIONS
### 2700 S. California Avenue, Chicago, Il. 60608
### (773) 869-6810  Fax# (773) 869-7292

### Verification of Incarceration

CCDOC# LAST 1999-0023974          Date: 13 NOVEMBER, 2001

RE: BONES CLETUS EARL

YOUR # IR-629584

D.O.B. 11-17-1964

SSN 394 66 1674

To whom it may concern:

Pursuant to your request, the following information is submitted:

| CC DOC# INMATE NUMBER | DATE ENTERED CCDM | TYPE CHARGE | BOND/DISCHARGED DATE | TYPE RELEASE/DISCHARGE |
|---|---|---|---|---|
| 1999-0023974 | 8-29-1999 | Agg. Battery | 3-16-2001 | I.D.O. |
| 1998-9875110 | 9-27-1998 | Felony | 10-2-1998 | NOLE |
| 1997-9925859 | 4-17-1997 | Felony | 4-21-1997 | I.D.O. |
| 1996-96  | 7-4-1996 | Felony | 7-16-1996 | BOND. |
| 1992-9264773 | 11-17-1992 | Felony | 12-24-1992 | I.D.O. |
| CASE # | 99CR8598 | SHIP | Agg. Battery. | |

by Dorothy Reeves

TITLE: Clerk

Ex. 21

DATE _____ 5-9-97 _____ 8/97

BONES, CLETUS
_____
        NAME

I.D. # _____ N43426 _____ AUG. 1087

MSR: 10-17-97

OSN: 12-11-97

**STATE OF ILLINOIS**

TO:                    **PRISONER REVIEW BOARD**

BOARD ACTION:          ☒ Mandatory Supervised Release Approved Effective When Eligible.

                       ☐ Released Prior to Hearing.

Date: _____ 8-13-97 _____  ☐ Statutory Parole Approved.

YOU ARE OBLIGATED TO THE GENERAL RULES GOVERNING PAROLEES OR MANDATORY SUPERVISED RELEASEES AND THE FOLLOWING SPECIAL ORDER(S).

**CONDITIONS**

1  ☒  Participate in a Drug Abuse Program.

2  ☐  Participate in an Alcohol Abuse Program.

3  ☐  Admit yourself to inpatient mental health treatment at a facility of the Department of Mental Health and remain there until released by the Department of Mental Health.

4  ☐  Submit yourself to out-patient care as prescribed by a Mental Health Clinic.

5  ☐  Report to an agent of the Department of Corrections for supervision and permit the agent to visit you at your home or elsewhere as he directs.

6  ☐  Other: _____
       _____

**FOR THE BOARD:**

09.C7.421A-J

## SENTENCE CALCULATION WORK SHEET

SINGLE OR CONCURRENT DETERMINATE SENTENCES UNDER 1978 LAW AND JAIL CREDIT

NAME _C. Bones_                    NUMBER _N43426_        DATE _9.16.97_

(STEP 1) (A)                                    (STEP 2)

Yr.  Mo.  Day                                   Yr.  Mo.  Day

| | | |
|---|---|---|
| - | | (Rel. on Bond, Etc.) |
| | | (Arrest Date) |
| | | (Jail Credits) |
| + | 1 | (Add 1 Day) |
| | | (Jail Credits) |

τ       (Jail Credits - A)
+       (Jail Credits - B)
+       (Jail Credits - C)
+       (Jail Credits - D)
        (Total Jail Credits)

(STEP 1) (B)                                    (STEP 3)  *per corrected mitt*

Yr.  Mo.  Day                                   Yr.  Mo.  Day  *per corrected mitt*
                                                97   4   17  (Old Custody/
| | | |
|---|---|---|
| - | | (Rel. on Bond, Etc.) |
| | | (Arrest Date) |
| | | (Jail Credits) |
| + | 1 | (Add 1 Day) |
| | | (Jail Credits) |

                                                     (3) (47) Sentence Date)
                                                -        20  (Total Jail Credits)
                                                97. 3. 27  (New Custody Date)

                                                (STEP 4) (MITTIMUS NO. _96-21126_)

(STEP 1) (C)

Yr.  Mo.  Day                                   PROJECTED OUT DATE

| | | |
|---|---|---|
| - | | (Rel. on Bond, Etc.) |
| | | (Arrest Date) |
| | | (Jail Credits) |
| + | 1 | (Add 1 Day) |
| | | (Jail Credits) |

                                                Yr.  Mo.  Day
                                                97   3   27 (New Custody Date)
                                                +         6  (Sentence Less
                                                             Good Conduct Credits)
                                                97. 9. 27 (Projected Out Date)
                                                +or-         (Previous Time
                                                             Lost/Awarded)
                                                97   9   27 (Adj. Proj. Out Date)

(STEP 1) (D)                                    (STEP 5)

Yr.  Mo.  Day                                   MANDATORY OUT DATE

| | | |
|---|---|---|
| - | | (Rel. on Bond, Etc.) |
| | | (Arrest Date) |
| | | (Jail Credits) |
| + | 1 | (Add 1 Day) |
| | | (Jail Credits) |

                                                Yr.  Mo.  Day
                                                97   3   27 (New Custody Date)
                                                +    1      (Sentence)
                                                98   3   27 (Mandatory Out Date)

Adj. Proj. Out Date _9.27.97_          Terminal Operator _(B)_
Mandatory Out Date _3.27.98_           Date Entered _____
Calculated By _(B)_

_Old sentence holds for release - 11.4.97_

DC 1321
IL 426-0521

, Ex. 28

## TRANSMITTAL SLIP

| TO | | REFER TO: | |
|---|---|---|---|
| Bones   N#3426 | | A2    A65 | |

| FROM | DATE |
|---|---|
| H. Gustine CCJT | 1-15-0X |

### ACTION

☐ For your information     ☐ Please Answer     ☐ Note and file

☐ Note and see me     ☐ Answer and send me copy     ☐ Signature

☐ Take appropriate action     ☐ Per your request     ☐ Per our conversation

☐ For your approval     ☐ Return with further information     ☐ O.K. Code and return

                               ☐ Prepare reply for my signature

**COMMENTS:**

DC 829
IL 426-0307

☐ OVER

Per your Rap Sheet you
inave a AWOL parole violation
+ a leads warrant for
Agg. Battery / Firearm #UP990K78/TX

Ex. 23-A

ILLINOIS DEPARTMENT OF CORRECTIONS                    PAGE    1
OFFENDER TRACKING SYSTEM    RM        RUN DATE   10/15/04
VERIFICATION OF INCARCERATION                 RUN TIME    8.25.34


**BONES, CLETUS**                    IDOC #:    N43426

**DATE OF BIRTH:**    11/17/1964    **LIVING UNIT:**    HIL-HIL-R2-A -67


**HOLDING MITT CUSTODY DATE:**                    03/17/1999


**DATE ENTERED DEPARTMENT OF CORRECTIONS:**        12/24/1992


**DATE RECEIVED AT:  HILL**                    02/05/2003


**PROJECTED DATE OF RELEASE FROM CUSTODY:**        06/05/2006


**TYPE OF RELEASE:    PROJECTED MSR DATE**


**DESCRIPTION OF OFFENSE:**

| INDICTMENT # | OFFENSE | SENTENCE YR MO DA |
|---|---|---|
| 99CR0859801 | ATTEMPT MURDER/INTENT TO KILL/INJURE | 0008 00 0000 |
| *96CR2112601 | POSS AMT CON SUB EXCEPT(A)/(D) | 0001 00 0000 |
| *92CR13383 | CONT SUBS ACT-MFG/DEL | 0003 00 0000 |
| *91CR10804 | CONT SUBS ACT-MFG/DEL | 0004 00 0000 |
| *84C6237 | AGG BATTERY/GREAT BODILY HARM | 0003 00 0000 |


**ADDITIONAL INFO ON PAGE 2**

**NOTE : "*" DISCHARGED MITTS**


_Oct. 15, 2004_
(DATE)

_Mary Lendley_
RECORDS OFFICE SUPERVISOR

HILL                        CORR. CENTER


**CC:  MASTERFILE**

Ex. 24

IDOC#: N43426 BONES, CLETUS                2 A L  HIL-R2-A -67           06/05/2006

| MITTIMUS --NUMBER-- | MITT ADMIT ---DATE--- | SEQUENCE --NUMBER--- | SENT -TYPE- | CUSTODY ---DATE--- | SENTENCE ---DATE--- |
|---|---|---|---|---|---|
| 96CR2112601 | 4  21  97 | 2 | 1 | 3  27  97 | 4  17  97 |

| COMMITTING ----COUNTY---- | ARREST -----CITY------ | MIN HOLD --FLAG-- | MAX HOLD --FLAG-- | DISCHARGE FLAG-INST-RSN | DISCHARGE/ REMANDED ---DATE--- |
|---|---|---|---|---|---|
| COOK | | | | N  CEN  EXP | 9  27  98 |

NEXT KEY DATA: IDOC #: N43426
PF7:  MITT BACK  PF8:  MITT FORWARD    PF10: DUPL MITT BWD  PF11: DUPL MITT FWD
PRESS PF9 TO CHANGE

Ex. 25

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

| | | |
|---|---|---|
| Cook | County | DEPARTMENT Original |
| **(County)** | **(Municipal)** | **(Division)** **(District)** |

**People of the State of Illinois**

v.

Cletus Bones

**Defendant**

Date of offense: 7-2-96

NO. 96 - 21126

I. R. # 629584

S. I. D. # _____

## ORDER OF SENTENCE AND COMMITMENT TO
## ILLINOIS DEPARTMENT OF CORRECTIONS

The defendant having been adjudged guilty of committing the offense(s) enumerated below,

IT IS ORDERED that the defendant _____ Cletus Bones _____ be and is hereby sentenced to the ILLINOIS DEPARTMENT OF CORRECTIONS AS FOLLOWS:

On 4-17-97, The Honorable Francis X. Golniewicz sentenced the deft on a finding of guilty to a term of (1) one yr. IDOC

Credit deft (30) days, TCS, Actually served. Bond Revoked O/c Mitt To issue

**Statutory Citation**

| Offense | PCS | 720 5/10 ILCS | 402 1 C |
|---|---|---|---|
| Offense | | ILCS | / |
| Offense | | ILCS | / |
| Offense | | ILCS | / |

IT IS FURTHER ORDERED that the Clerk of the Court shall deliver a copy of this order to the Sheriff of Cook County.

IT IS FURTHER ORDERED that the Sheriff of Cook County shall take the defendant into custody and deliver him/her to the Illinois Department of Corrections.

IT IS FURTHER ORDERED that the Illinois Department of Corrections shall take the defendant into custody and confine him/her in the manner provided by law until the above sentence is fulfilled.

**PREPARED BY** _____

**DEPUTY CLERK**

**BRANCH COURT** Rm 304      **DATE** 7/3/97

**ENTER:** _____   1692

**JUDGE**      **JUDGE'S NO.**

Ex. 26

**AURELIA PUCINSKI, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

CCG-N305-20M-10/7/96(634202521)

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

_COOK_ _____ DEPARTMENT _____
(County)              (Municipal)              (Division)              (62) (District)

People of the State of Illinois

v.

_BONES CLETUS_                    NO. _96-CM-2116_
                    Defendant          I. R. # _0629584_
                                       S. I. D. # _____

off date
7-2-96

## ORDER OF SENTENCE AND COMMITMENT TO
## ILLINOIS DEPARTMENT OF CORRECTIONS

The defendant having been adjudged guilty of committing the offense(s) enumerated below,

IT IS ORDERED that the defendant _____ _CLETUS BONES_ _____ be and is hereby
sentenced to the ILLINOIS DEPARTMENT OF CORRECTIONS AS FOLLOWS:

_____ _CON. 7/2/97_ _____

_ONE 1 YEAR_

_I-DOC_

Offense _EJ-CS_                         _720_ ILCS _570-T-4C/-C.2_

Offense _____          _____ ILCS _____/_____

Offense _____          _____ ILCS _____/_____

Offense _____          _____ ILCS _____/_____

IT IS FURTHER ORDERED that the Clerk of the Court shall deliver a copy of this order to the Sheriff of Cook County.

IT IS FURTHER ORDERED that the Sheriff of Cook County shall take the defendant into custody and deliver him/her to the Illinois Department of Corrections.

IT IS FURTHER ORDERED that the Illinois Department of Corrections shall take the defendant into custody and confine him/her in the manner provided by law until the above sentence is fulfilled.

PREPARED BY

_____          ENTER: _____
DEPUTY CLERK                         JUDGE              JUDGE'S NO.

_____  _4:1797_
BRANCH COURT              DATE

                                       _972585_
                                       Ex. 21

AURELIA PUCINSKI, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

thereof, or (ii) 15 or more pills, tablets, caplets, capsules, or objects but less than 200 pills, tablets, caplets, capsules, or objects containing in them or having upon them any amount of any substance listed in paragraph (1), (2), (2.1), (3), (14.1), (19), (20), (20.1), (21), (25), or (26) of subsection (d) of Section 204, or an analog or derivative thereof;

(B) not less than 6 years and not more than 30 years with respect to: (i) 100 grams or more but less than 400 grams of any substance listed in paragraph (1), (2), (2.1), (3), (14.1), (19), (20), (20.1), (21), (25), or (26) of subsection (d) of Section 204, or an analog or derivative thereof, or (ii) 200 or more pills, tablets, caplets, capsules, or objects but less than 600 pills, tablets, caplets, capsules, or objects containing in them or having upon them any amount of any substance listed in paragraph (1), (2), (2.1), (3), (14.1), (19), (20), (20.1), (21), (25), or (26) of subsection (d) of Section 204, or an analog or derivative thereof;

(C) not less than 8 years and not more than 40 years with respect to: (i) 400 grams or more but less than 900 grams of any substance listed in paragraph (1), (2), (2.1), (3), (14.1), (19), (20), (20.1), (21), (25), or (26) of subsection (d) of Section 204, or an analog or derivative thereof, or (ii) 600 or more pills, tablets, caplets, capsules, or objects but less than 1,500 pills, tablets, caplets, capsules, or objects containing in them or having upon them any amount of any substance listed in paragraph (1), (2), (2.1), (3), (14.1), (19), (20), (20.1), (21), (25), or (26) of subsection ( d) of Section 204, or an analog or derivative thereof;

(D) not less than 10 years and not more than 50 years with respect to: (i) 900 grams or more of any substance listed in paragraph (1), (2), (2.1), (3), (14.1), (19), (20), (20.1), (21), (25), or (26) of subsection (d) of Section 204, or an analog or derivative thereof, or (ii) 1,500 or more pills, tablets, caplets, capsules, or objects containing in them or having upon them any amount of a substance listed in paragraph (1), (2), (2.1), (3), (14.1), (19), (20), (20.1), (21), (25), or (26) of subsection (d) of Section 204, or an analog or derivative thereof;

(8) 30 grams or more of any substance containing pentazocine or any of the salts, isomers and salts of isomers of pentazocine, or an analog thereof;

(9) 30 grams or more of any substance containing methaqualone or any of the salts, isomers and salts of isomers f methaqualone;

(10) 30 grams or more of any substance containing phencyclidine or any of the salts, isomers and salts of isomers of phencyclidine (PCP);

(10.5) 30 grams or more of any substance containing ketamine or any of the salts, isomers and salts of isomers of ketamine;

(11) 200 grams or more of any substance containing any substance classified as a narcotic drug in Schedules I or II which is not otherwise included in this subsection.

b) Any person sentenced with respect to violations of paragraph (1), (2), (3), (6.5), (7), or (7.5) of subsection (a) involving 100 grams or more of the controlled substance used therein, may in addition to the penalties provided rein, be fined an amount not to exceed $200,000 or the full net value of the controlled or counterfeit substances, whichever is greater. The term "street value" shall have the meaning ascribed in Section 110–5 of the Code of Criminal Procedure of 1963.[1] Any person sentenced with respect to any other provision of subsection (a), may in addition to the

penalties provided therein, be fined an amount not to exceed $200,000.

(c) Any person who violates this Section with regard to an amount of a controlled or counterfeit substance not set forth in subsection (a) or (d) is guilty of a Class 4 felony. The fine for a violation punishable under this subsection (c) shall not be more than $25,000.

(d) Any person who violates this Section with regard to any amount of anabolic steroid is guilty of a Class C misdemeanor for the first offense and a Class B misdemeanor for a subsequent offense committed within 2 years of a prior conviction.

P.A. 77–757, § 402, eff. Aug. 16, 1971. Amended by P.A. 77–2723, § 1, eff. Jan. 1, 1973; P.A. 78–255, § 61, eff. Oct. 1, 1973; P.A. 81–583, § 1, eff. Sept. 14, 1979; P.A. 82–528, § 1, eff. Jan. 1, 1982; P.A. 82–968, § 1, eff. Sept. 7, 1982; P.A. 83–655, § 1, eff. Jan. 1, 1984; P.A. 83–778, Art. I, § 4, eff. Jan. 1, 1984; P.A. 83–1362, Art. II, § 73, eff. Sept. 11, 1984; P.A. 84–1475, § 4, eff. Feb. 5, 1987; P.A. 85–1003, § 3; P.A. 85–1030, § 4, eff. July 1, 1988; P.A. 85–1209, Art. III, § 3–48, eff. Aug. 30, 1988; P.A. 85–1440, Art. II, § 2–54, eff. Feb. 1, 1989; P.A. 86–266, § 1, eff. Jan. 1, 1990; P.A. 86–442, § 1, eff. Jan. 1, 1990; P.A. 86–604, § 1, eff. Jan. 1, 1990; P.A. 87–754, § 2, eff. Sept. 29, 1991; P.A. 89–404, § 25, eff. Aug. 20, 1995; P.A. 90–382, § 5, eff. Aug. 15, 1997; P.A. 90–384, § 2, eff. Jan. 1, 1998; P.A. 90–593, § 25, eff. June 19, 1998; P.A. 90–655, § 162, eff. July 30, 1998; P.A. 90–674, § 5, eff. Jan. 1, 1999; P.A. 91–336, § 5, eff. Jan. 1, 2000; P.A. 91–357, § 240, eff. July 29, 1999; P.A. 92–256, § 10, eff. Jan. 1, 2002. Formerly Ill.Rev.Stat.1991, ch. 56½, ¶ 1402.

[1] 725 ILCS 5/110–5.

**Validity**

*Public Act 89–404, which amended this section, has been held unconstitutional in its entirety for violating the single-subject rule of the state Constitution by the Appellate Court of Illinois, Fourth District, in People v. Pitts, App. 4 Dist.1998, 691 N.E.2d 1174, 229 Ill.Dec. 451 and People v. Wilson, App. 4 Dist.1998, 692 N.E.2d 422, 229 Ill.Dec. 649, and by the Appellate Court of Illinois, Second District, in People v. Reedy, App. 2 Dist.1998, 692 N.E.2d 376, 229 Ill.Dec. 603, and People v. Worden, App.2 Dist.1998, 299 Ill.App.3d 836, 702 N.E.2d 611, 234 Ill.Dec. 271. The amendment was reenacted by P.A. 90–593.*

570/402.1.  § 402.1.  **Repealed by P.A. 86–266, § 2, eff. Jan. 1, 1990; P.A. 86–442, § 2, eff. Jan. 1, 1990**

570/403.  § 403.  **Repealed by P.A. 82–968, § 2, eff. Sept. 7, 1982**

570/404.  **Look-alike substances; manufacture, distribution, advertisement or possession; penalty**

§ 404.  (a) For the purposes of this Section:

(1) "Advertise" means the attempt, by publication, dissemination, solicitation or circulation, to induce directly or indirectly any person to acquire, or enter into an obligation to acquire, any substance within the scope of this Section.

(2) "Distribute" has the meaning ascribed to it in subsection (s) of Section 102 of this Act but as relates to look-alike substances.

Ex. 28

**720 ILCS 570/401**          **CRIMINAL OFFENSES**          **478**

or objects containing in them or having upon them any amount of any substance listed in paragraph (1), (2), (2.1), (3), (14.1), (19), (20), (20.1), (21), (25), or (26) of subsection (d) of Section 204, or an analog or derivative thereof;

(C) not less than 12 years and not more than 50 years with respect to: (i) 400 grams or more but less than 900 grams of a substance listed in paragraph (1), (2), (2.1), (3), (14.1), (19), (20), (20.1), (21), (25), or (26) of subsection (d) of Section 204, or an analog or derivative thereof, or (ii) 600 or more pills, tablets, caplets, capsules, or objects but less than 1,500 pills, tablets, caplets, capsules, or objects containing in them or having upon them any amount of any substance listed in paragraph (1), (2), (2.1), (3), (14.1), (19), (20), (20.1), (21), (25), or (26) of subsection (d) of Section 204, or an analog or derivative thereof;

(D) not less than 15 years and not more than 60 years with respect to: (i) 900 grams or more of any substance listed in paragraph (1), (2), (2.1), (3), (14.1), (19), (20), (20.1), (21), (25), or (26) of subsection (d) of Section 204, or an analog or derivative thereof, or (ii) 1,500 or more pills, tablets, caplets, capsules, or objects containing in them or having upon them any amount of a substance listed in paragraph (1), (2), (2.1), (3), (14.1), (19), (20), (20.1), (21), (25), or (26) of subsection (d) of Section 204, or an analog or derivative thereof;

(8) 30 grams or more of any substance containing pentazocine or any of the salts, isomers and salts of isomers of pentazocine, or an analog thereof;

(9) 30 grams or more of any substance containing methaqualone or any of the salts, isomers and salts of isomers of methaqualone, or an analog thereof;

(10) 30 grams or more of any substance containing phencyclidine or any of the salts, isomers and salts of isomers of phencyclidine (PCP), or an analog thereof;

(10.5) 30 grams or more of any substance containing ketamine or any of the salts, isomers and salts of isomers of ketamine, or an analog thereof;

(11) 200 grams or more of any substance containing any other controlled substance classified in Schedules I or II, or an analog thereof, which is not otherwise included in this subsection.

(b) Any person sentenced with respect to violations of paragraph (1), (2), (3), (6.5), (6.6), (7), or (7.5) of subsection (a) involving 100 grams or more of the controlled substance named therein, may in addition to the penalties provided therein, be fined an amount not more than $500,000 or the full street value of the controlled or counterfeit substance or controlled substance analog, whichever is greater. The term "street value" shall have the meaning ascribed in Section 110–5 of the Code of Criminal Procedure of 1963.[1] Any person sentenced with respect to any other provision of subsection (a), may in addition to the penalties provided therein, be fined an amount not to exceed $500,000.

(c) Any person who violates this Section with regard to the following amounts of controlled or counterfeit substances or controlled substance analogs, notwithstanding any of the provisions of subsections (a), (b), (d), (e), (f), (g) or (h) to the contrary, is guilty of a Class 1 felony. The fine for violation of this subsection (c) shall not be more than $250,000:

(1) 1 gram or more but less than 15 grams of any substance containing heroin, or an analog thereof;

(2) 1 gram or more but less than 15 grams of any substance containing cocaine, or an analog thereof;

(3) 10 grams or more but less than 15 grams of any substance containing morphine, or an analog thereof;

(4) 50 grams or more but less than 200 grams of any substance containing peyote, or an analog thereof;

(5) 50 grams or more but less than 200 grams of any substance containing a derivative of barbituric acid or any of the salts of a derivative of barbituric acid, or an analog thereof;

(6) 50 grams or more but less than 200 grams of any substance containing amphetamine or any salt of an optical isomer of amphetamine, or an analog thereof;

(6.5) 5 grams or more but less than 15 grams of any substance containing methamphetamine or any salt or optical isomer of methamphetamine, or an analog thereof;

(7)(i) 5 grams or more but less than 15 grams of any substance containing lysergic acid diethylamide (LSD), or an analog thereof, or (ii) more than 10 objects or more than 10 segregated parts of an object or objects but less than 15 objects or less than 15 segregated parts of an object containing in them or having upon them any amount of any substance containing lysergic acid diethylamide (LSD), or an analog thereof;

(7.5)(i) 5 grams or more but less than 15 grams of any substance listed in paragraph (1), (2), (2.1), (3), (14.1), (19), (20), (20.1), (21), (25), or (26) of subsection (d) of Section 204, or an analog or derivative thereof, or (ii) more than 10 pills, tablets, caplets, capsules, or objects but less than 15 pills, tablets, caplets, capsules, or objects containing in them or having upon them any amount of any substance listed in paragraph (1), (2), (2.1), (3), (14.1), (19), (20), (20.1), (21), (25), or (26) of subsection (d) of Section 204, or an analog or derivative thereof;

(8) 10 grams or more but less than 30 grams of any substance containing pentazocine or any of the salts, isomers and salts of isomers of pentazocine, or an analog thereof;

(9) 10 grams or more but less than 30 grams of any substance containing methaqualone or any of the salts, isomers and salts of isomers of methaqualone, or an analog thereof;

(10) 10 grams or more but less than 30 grams of any substance containing phencyclidine or any of the salts, isomers and salts of isomers of phencyclidine (PCP), or an analog thereof;

(10.5) 10 grams or more but less than 30 grams of any substance containing ketamine or any of the salts, isomers and salts of isomers of ketamine, or an analog thereof;

(11) 50 grams or more but less than 200 grams of any substance containing a substance classified in Schedules I or II, or an analog thereof, which is not otherwise included in this subsection.

(c–5) Any person who violates this Section with regard to possession of any methamphetamine manufacturing chemical set forth in paragraph (z–1) of Section 102 with intent to manufacture 15 grams or more but less than 30 grams of methamphetamine, or salt of an optical isomer of methamphetamine or any analog thereof, is guilty of a Class 1 felony. The fine for violation of this subsection (c–5) shall not be more than $250,000.

(d) Any person who violates this Section with regard to any other amount of a controlled or counterfeit substance classified in Schedules I or II, or an analog thereof, which is (i) a narcotic drug, (ii) lysergic acid diethylamide (LSD) or an analog thereof, or (iii) any substance containing amphetamine or methamphetamine or any salt or optical isomer of amphet-

Ex. 29



**Illinois**
Department of
**Corrections**

E4D6

Date:    9-6-01
To:    *Chip* Bones N43426
From:    Record
Subject:    Board Orders.

Your last hearing result
was 8-13-97 Determinate Sentence
release granted upon min
served. - Drug abuse
program conditions.

Received in
Centralia, C.C.

Ex. 30

**ILLINOIS DEPARTMENT OF CORRECTIONS**
Community Services Division - Community Supervision

## VIOLATION REPORT

Section A. Violation Details

TO: Chairman of PRB                FROM: Dist. Supervisor: Severia Morris

**Ref:Releasee:** CLETUS BONES   **Inst. & No.:** IRCC N43426
   **A.K.A.:** CLETUS E.   **Date of Birth:** 11/17/64   **Sex:** MALE   **Race:** BLK.
   **FBI #:** 789370X6      **I.R. #:** 629504   **CCJ #:**
   **Release Date:** 09/27/97   **Sent. Exp. Date:** 09/27/99   **Violation Date:** 03/27/99
   **Custody Facility:** N/A   **Custody Date:** AT LARGE
   **Offense(s):** AGG.BATT.W/FIREARM
**IDOC Warrant #:** UP990478      **Date Issued:** 04/27/99

**Brief description of the Alleged Violation (include date, time and place of the offense, description and method of weapons used, identity and injury to victim(s), arrest date and arresting agency, criminal charges and custody/court/bond Information):**
Subject was arrested on 03/27/99 and charged with two counts of agg. Battery with a fire arm. He was arrested at 827 N.Massasoit Chicago Ill. Client was advised of miranda and transported to 015 dist.

**Other Arrests/Rule Violations During the Current Supervision Term:**
**Subject was arrested on 09/26/99 domestic battery**
**Agent's Recommendation For Sanctions:**
To be return to a Correctional Institution and Reviewed By the prisoner Review Board.
**Attachments (identify):**

Agent's Signature /No.        /Date        Supervisor's Signature        /Date

(NOTICE OF CHARGES ON REVERSE SIDE MUST BE COMPLETED AT THE SAME TIME THIS SECTION IS COMPLETED.)

DCA 391
(11/88)
IL 426-12887

Ex.31



Warrant Number ____ UP ____ 930478 ____

### State of Illinois
## DEPARTMENT OF CORRECTIONS

# WARRANT

It appearing to the undersigned, an officer authorized by the Director of the Department of Corrections, that:

Subject, __Cletus Bones_____ __N43426_____, a person
(Name) (IDOC #)

in the lawful custody of the Department of Corrections pursuant to the Statutes of the State of Illinois, has escaped

from or has violated the rules and/or conditions of parole, Mandatory Supervised Release or the Community

Correctional Center program on the ____27____ of ____April_____, 19_99____.
(day) (month)

It is hereby ordered that the above named person be retaken immediately into custody and held for delivery to the Director

of the DEPARTMENT OF CORRECTIONS or his duly authorized agent.

Given under my hand this ____27____ day of __April_____, 19_99____.

This Warrant is issued pursuant to the authority granted
the Department of Corrections in the Code of Correc-
tions, 730 ILCS 5/3-13-4 and 730 ILCS 5/3-14-2.

**State of Illinois**
**DEPARTMENT OF CORRECTIONS**

Seal

_____
Deputy Director, Community Services

_____
Issuing Officer

Ex.32

DC 735 (Rev. 10/95)
IL 426-0286

~on B. NOTICE OF CHARGES OF ALLEGED PAROLE/M.S.R. VIOLATION;

~: CLETUS BONES IDOC #: N43426

You are hereby notified that, as detailed on the reverse side of this form, you are charged with having committed the following violations of your conditional Release Agreement:

☒ 1. Failure to comply with the following Special Conditions of Release: .
    ☐ a. Reporting as instructed
    ☐ b.
    ☐ c.

☒ 2. Failure to obey all municipal, county, state and federal laws and ordinances.

☐ 3. Failure to secure required approvals before visiting or writing to residents of Correctional Centers.

☐ 4. Leaving the state or Prestart zone without prior written permission of your agent.

☐ 5. a. Failure to seek or maintain employment or training.

☐    b. Failure to notify your agent before changing your residence or employment.

☐    c. Failure to submit status reports as directed by an agent.

☒    d. Failure to report all arrests to your agent.

☒ 6. Possession, use, sale or control of any firearm or other dangerous weapon.

If probable cause on any new criminal charge is not determined by the court prior to the hearing date, you are entitled to a Preliminary Parole/MSR Release Violation Hearing before an independent Hearing Officer to determine whether or not probable cause exists that you did commit one or more of the violations checked above. You may appear and speak on your own behalf at this hearing, and you may present evidence or witnesses to rebut the charges.

Your preliminary hearing is now scheduled to be held on:

_____ , 19 _____ at _____ a.m./p.m.

at: _____

NOTE: If probable cause is found at the preliminary parole revocation hearing, you may request that the hearing officer recommend to the Prisoner Review Board the withdrawal of the parole violation warrant pending a final parole revocation hearing.

As an alternative to the scheduled hearing, you may exercise one of the following options by initialing the indicated box:

☐ A. I request that my preliminary hearing be postponed for up to 30 days from today's date to permit me to obtain an attorney and/or witnesses. I understand that it is my responsibility to present these individuals at my initials hearing on:

Initials _____ , 19 _____ at _____ a.m./p.m.

☐ B. I elect to waive my preliminary hearing with the understanding that I will be afforded a full Revocation hearing before the Prisoner Review Parole Board. This waiver does not indicate any admission of guilt to the above violations.

Initials

I HAVE RECEIVED A COPY OF THIS NOTICE OF CHARGES:

_____ ON _____/_____/_____
      Releasee's Signature

A COPY OF THIS NOTICE WAS DELIVERED TO THE ALLEGED VIOLATOR BY:

_____ ON _____/_____/_____
      Signature and Title

(VIOLATION DETAILS ON THE REVERSE SIDE)

DISTRIBUTION: Releasee (Original) (1)     Releasee's Case File (1)
           Releasing Authority (1)     Hearing Officer (1)       DCA 391 (11/88)
           F. S. Representative (1)     If F.O.S. Case, Int. Compact (1)    IL 426-12887

RECEIVED

MAY 03 1999

Prisoner Review Board


Ex.33

IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT
SANGAMON COUNTY, ILLINOIS

CLETUS BONES, #N-43426,          )
                                 )
          Plaintiff,             )
                                 )
     -vs-                        )    No. 03-MR-377
                                 )
ILLINOIS DEPARTMENT OF           )
CORRECTIONS, ILLINOIS PRISONER   )
REVIEW BOARD,                    )
                                 )
          Defendants.            )

## DEFENDANTS' MOTION TO DISMISS

NOW COME the Defendants, ROGER E. WALKER, JR. and KEN TUPEY by and through their attorney, Lisa Madigan, Attorney General of the State of Illinois, and pursuant to 735 ILCS 5/2-619(a)(9), hereby submit their Motion to Dismiss. In support thereof, Defendants state as follows:

1.  The Plaintiff, an inmate currently incarcerated at Hill Correctional Center, filed his Mandamus Complaint on August 18, 2003.

2.  In Plaintiff's Mandamus Complaint, the Plaintiff seeks to have the Court declare that the Illinois Department of Corrections (IDOC) has incorrectly calculated the Plaintiff's parole term and incorrectly classified his security level. The plaintiff also alleges that Defendants have violated portions of the Prisoner Review Board hearing pursuant to 730 ILCS 5/3-3-9, and denied Plaintiff's Eighth Amendment rights and Fourteenth Amendment due process rights by failing to correct the mitimus order dated July 7, 1997.

3.  Plaintiff did not exhaust his administrative remedies as required prior to filing a complaint for mandamus.



Ex.34

 4. A writ of mandamus is an extraordinary remedy used to direct public officials or a public body to perform a duty which Petitioner has a clear right to have performed, and which is ministerial in nature. Orenic v. Illinois State Labor Relations Bd., 127 Ill.2d 453 (1989). Furthermore, mandamus is appropriate only when Respondent has a clear duty to act and where there is clear authority in the Respondent to comply with the writ. Orenic, 127 Ill.2d at 468. Mandamus lies to compel the performing of the statutory duty only when the right to it is clear and undisputable. Bengson v. City of Kewanee, 380 Ill.244 (1942). The petitioner must set forth every material fact needed to show that he is entitled to mandamus relief and the burden rests on him to show he has a clear legal right to it. Chicago Ass'n of Commerce and Industry v. Regional Transp. Auth., 86 Ill.2d 179 (1981). Mandamus will not lie to correct an abuse of discretion. Owen v. Mann, 475 N.E.2d 886, 890, citing People ex rel. Daley v. Schreier, 92 Ill.2d 271, 275 (1982). "In general a demand for performance and a refusal to comply therewith are conditions precedent to the maintenance of mandamus to enforce a private right." Eley v. Cahill, 126 Ill. App.2d 272, 276 (1st Dist. 1970). In Tedder v. Fairman, the Illinois Supreme Court considered an inmate's petition for mandamus on the issues of medical care. In discussing the issue of first seeking administrative remedies, the Court stated:

> Tedder does not say whether doing everything possible included asking for an administrative review of the denial of medical assistance. While the Attorney General did not claim, in moving to dismiss, that the Petitioner failed to file a grievance with the Inquiry Review Board, **a request for internal review within the correctional institution must be made before a circuit court considers the petitioner's complaint**.

92 Ill.2d 216,220; 441 N.E.2d 311,312 (1982).

-2-

Ex.35

⟶ Plaintiff did not satisfy the demand and refusal portion of the mandamus procedure by appealing the ticket and/or grievance to the Administrative Review Board prior to the filing of his complaint. (See Affidavit of Terri Anderson, Exhibit A). Plaintiff filed his Petition for Mandamus on August 18, 2003. Plaintiff filed his grievance with the Administrative Review Board on August 7, 2003, and the Administrative Review Board did not issue a decision until October 2, 2003. Therefore, Plaintiff's complaint should be dismissed as Plaintiff failed to satisfy the demand and refusal portion of the mandamus procedure prior to filing his complaint.

WHEREFORE, for the foregoing reasons, the Defendants pray that this Honorable Court dismisses Plaintiff's Complaint.

Respectfully submitted,

ROGER E. WALKER, JR. and KEN TUPEY,

Defendants,

LISA MADIGAN, Attorney General,
State of Illinois,

Attorney for Defendants,

Kristen Markley, #6256342
Assistant Attorney General
500 South Second Street
Springfield, IL 62706
(217) 782-9029

By: _Kristen Markley_

Kristen Markley
Assistant Attorney General

Of Counsel.

-3-



Ex.36

STATE OF ILLINOIS ⟩
⟩ SS
COUNTY OF SANGAMON ⟩



**EXHIBIT**

A

# AFFIDAVIT

I, TERRI L. ANDERSON, being first duly sworn upon oath, state that I have personal knowledge of the facts set forth herein, that I am competent to testify and if called to testify would state as follows:

1.  I have been employed continuously by the Illinois Department of Corrections (IDOC) since 1984. I am currently employed as an Executive II (Administrative Review Board Chairperson). As part of my duties, I review the appeals of inmate grievances.

2.  Inmates incarcerated within the Department may file grievances in accordance with Department Rules 504F, Grievance Procedures for Committed Persons. Generally, an inmate must first attempt to resolve grievances through his Counselor. If the grieved issue remains unresolved after such informal efforts, or for example, involved a disciplinary proceeding, the inmate may submit a written grievance on a grievance form to the facility Grievance Officer designated by the Chief Administrative Officer ("CAO"). The Grievance Officer may personally interview the inmate and/or witnesses as deemed appropriate and obtain relevant documents to determine the merits of the inmate's grievance. Upon completion of such investigation, the Grievance Officer's conclusions and if appropriate, recommended relief are forwarded to the CAO. The CAO or CAO's designee's decision is then submitted to the grieving inmate.

3.  If, after receiving the CAO's decision, the inmate feels the issue is unresolved, he may appeal in writing to the Director of the Department by submitting the Grievance Officer's report and CAO's decision. The ARB, as the Director's designee, reviews the appeal and first determines whether the inmate's grievance can be handled without the necessity of a hearing. If so, the inmate is so advised. Other matters are scheduled for an in-person ARB hearing involving an interview of the grievance inmate, examining relevant documents and at the and at the ARB's discretion, calling witnesses. The ARB submits a written report of its findings and recommendations to the Director or the Director's designee, who then reviews the report and makes a final determination on the grievances. A copy of the ARB's report and the Director's final decision is sent to the inmate who filed the grievance. The originals of these documents are maintained in the ARB's files. Department Rule 504F, Grievance Procedures for Committed Persons, provides no further means for review beyond this step.

4.  Certain issues may be grieved directly to the ARB, rather than first through a Counselor or Grievance Officer. These issues include:

    a.  decisions involving the involuntary administration of psychotropic medication;
    b.  decisions regarding protective custody placement; including continued placement in or release from protective custody;
    c.  decisions regarding disciplinary proceedings which were made at a facility other than the facility where the inmate is currently assigned; and

Ex. 31

   d.  other issues except personal property issues which pertain to a facility other than
       the facility where the inmate is currently assigned.

   These grievances are then handled in accordance with the procedures described in
   paragraph 3 above.

5. An inmate may request a grievance be handled on an emergency basis by forwarding
   the grievance directly to the CAO rather than to a Counselor or Grievance Officer. If
   the CAO determines that there is substantial risk of imminent personal injury or
   serious or irreparable harm to the inmate, the grievance may be handled on an
   emergency basis. An inmate may appeal the CAO's decision in such a situation to
   the ARB. The appeal is then handled in accordance with the procedures described in
   paragraph 3 above.

6. The grievance procedure may not be utilized for complaints regarding decisions
   which are outside the Department's authority such as parole decisions, clemency or
   orders regarding the length of sentences or decisions which have been reviewed by
   the Director.

7. At the request of the Attorney General's Office, a review of Department records was
   conducted with regard to grievances filed by Cletus Bones, Register No. N43426.
   Mr. Bones filed a grievance to the Administrative Review Board, received on August
   7, 2003, regarding his security classification. The information was reviewed and the
   grievance was denied by the Director on October 2, 2003.

   I have read the foregoing and affirm that the facts contained herein are true and
   correct to the best of my knowledge and belief.

   FURTHER AFFIANT SAYETH NOT.

                                                    TERRI L. ANDERSON

Subscribed and sworn to before me
This 24 day of October 2003

    Notary Public

OFFICIAL SEAL
NANCY S TUCKER
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires 3-5-2005

Ex.38

IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT
SANGAMON COUNTY, ILLINOIS

| | |
|---|---|
| CLETUS BONES, #N-43426, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) No. 03-MR-377 |
| | ) |
| ILLINOIS DEPARTMENT OF | ) |
| CORRECTIONS, ILLINOIS PRISONER | ) |
| REVIEW BOARD, | ) |
| | ) |
| Defendants. | ) |

## ORDER

This cause coming before the Court on Defendants' Motion to Dismiss

Plaintiff's Complaint, and the Court being fully advised in the premises,

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss

Plaintiff's Complaint is GRANTED.

ENTERED: _____

_____
J U D G E

Ex.39

**Bones vs. IDOC, et al.**
**Sangamon County Case No. 03-MR-377**

## CERTIFICATE OF SERVICE

Kristen Markley, Assistant Attorney General, herein certifies that she has served a

copy of the foregoing Defendants' Motion to Dismiss upon:

Cletus Bones, #N-43426
Hill Correctional Center
PO Box 1327
Galesburg, Illinois 61401

by mailing a true copy thereof at the address referred to above in an envelope duly

addressed bearing proper first class postage and deposited in the United States mail at

Springfield, Illinois on October 27, 2003.

Kristen Markley
Assistant Attorney General

Kristen Markley, #6256342
Assistant Attorney General
500 South Second Street
Springfield, Illinois 62706
(217) 782-9029

Ex. 40



## OFFICE OF THE ATTORNEY GENERAL
STATE OF ILLINOIS

**Lisa Madigan**
ATTORNEY GENERAL

August 5, 2005

Cletus Bones, #N-43426
Hill Correctional Center
P.O. Box 1327
Galesburg, IL 61401

**Re:    Cletus Bones, #N43426 v. Illinois Department of Corrections, et al.
Sangamon County Case No. 03-MR-377**

Dear Mr. Bones:

Pursuant to our conversation today, August 5, 2005, during our scheduled telephonic court hearing, I am enclosing a copy of an affidavit from Ken Tupy, legal counsel for the Prison Review Board, and attachment stating enumerating pertinent corrections as discussed during the aforementioned hearing.

Sincerely,

John J. Weathers
Assistant Attorney General

JJW/ldw
Enclosure

$Ex\ 41$

TE OF ILLINOIS          )                              *Bones v. IDOC, et al.*
                                      ) SS.            *Case No.: 03-377*
        COUNTY OF SANGAMON             )

## **AFFIDAVIT**

I, Ken Tupy, being first duly sworn upon oath, state that I have personal

knowledge of the facts set forth herein, that I am competent to testify and if called to

testify would state as follows:

1.      I am Legal Counsel for the Prisoner Review Board (PRB.) In that

capacity, I am permitted to review and correct any discrepancies that may exist in the

Prisoner Review Board files.

2.      At the request to the Office of the Illinois Attorney General, I reviewed the

records of inmate Cletus Bones, #N43426. Upon review of Mr. Bones' records, a

discrepancy was discovered to exist. This discrepancy pertains to indictment number

96CR2112601. PRB records listed this indictment as manufacturing and delivery of a

controlled substance. Upon review of the Illinois Department of Corrections (IDOC)

records, I have discovered the appropriate offense should be possession of a controlled

substance. As such, I have made the appropriate corrections to Mr. Bones PRB

records to reflect and coincide with IDOC's records. (See Attachment.)    FURTHER

AFFIANT SAYETH NOT.


*Kess Tupy*                          **KEN TUPY**

SUBSCRIBED and SWORN TO before me this _____ day of June 22, 2005.

                                     *Diana M. De Salle*

┌─────────────────────────────┐
│      OFFICIAL SEAL          │     NOTARY PUBLIC
│   **DIANA M. DE SALLE**      │
│ NOTARY PUBLIC, STATE OF ILLINOIS │
│ MY COMMISSION EXPIRES 5-14-2007 │
└─────────────────────────────┘

                                              Ex. 42

age: 1 Document Name: untitled

```
MOSC009         ILLINOIS DEPARTMENT OF CORRECTIONS -- OTS          6/22/ 5
PAGE: 0001       SENTENCE CALC -- MITTIMUS/SENTENCE INQUIRY         13:27:50

IDOC#: N43426 BONES, CLETUS           2 A L  HIL-R2-A -67       04/20/2006

PROJ REL DTE: 04/20/2006  PROJ DISC DTE: 04/20/2009  NEXT DOCKET DTE:    0000
                                  SEX OFFENDER REGISTRY REQD: UNK
---MITT #---  --COMT CNTY-- COURT FIND   MN MX ---DISC--- SEQ CL CNTS CUST DATE
99CR0859801   COOK                       X  X           2  X   2     3 17 99
ATTEMPT MURDER/INTENT TO KIL             MIN 0008 00 0000  MAX 0008 00 0000  CC
OFNS DATE:  3  29  99  SENT DATE:  3  14  01   DISC/REM DATE:       00
    AOIC: 0735000                VICTIM < 18: U  VICTIM < 12:    TIS: Y
96CR2112601  COOK                      N CEN EXP    2  4   1     3 27 97
POSS AMT CON SUB EXCEPT(A)/(            MIN 0001 00 0000  MAX 0001 00 0000  CC
OFNS DATE:  7  2  96  SENT DATE:  4  17  97   DISC/REM DATE:  9  27  98
    AOIC: 5101110                VICTIM < 18:    VICTIM < 12:    TIS:
91CR10804    COOK                      N IRI EXP    2  1   1    11  7 92
CONT SUBS ACT-MFG/DEL                  MIN 0004 00 0000  MAX 0004 00 0000  CC
OFNS DATE:     00  SENT DATE: 12  14  92   DISC/REM DATE: 11  4  97
    AOIC: DOC0059                VICTIM < 18:    VICTIM < 12:    TIS:
NEXT KEY DATA: IDOC #: N43426
PF7: PAGE BACK   PF8: PAGE FWD
```

Ex. 43

Date: 06/22/2005 Time: 1:27:55 PM

Page: 1 Document Name: untitled

```
)M0SC009          ILLINOIS DEPARTMENT OF CORRECTIONS -- OTS          6/22/ 5
 PAGE: 0001       SENTENCE CALC -- MITTIMUS/SENTENCE INQUIRY        13:27:50

 IDOC#: N43426 BONES, CLETUS          2 A L  HIL-R2-A -67        04/20/2006

 PROJ REL DTE: 04/20/2006  PROJ DISC DTE: 04/20/2009  NEXT DOCKET DTE:   0000
                                 SEX OFFENDER REGISTRY REQD: UNK
 ---MITT #---  --COMT CNTY-- COURT FIND  MN MX ---DISC--- SEQ CL CNTS CUST DATE
 99CR0859801   COOK                      X  X         2  X   2    3 17 99
 ATTEMPT MURDER/INTENT TO KIL         MIN 0008 00 0000  MAX 0008 00 0000  CC
 OFNS DATE:  3  29  99  SENT DATE:  3  14  01   DISC/REM DATE:        00
       AOIC: 0735000              VICTIM < 18: U  VICTIM < 12:    TIS: Y
 96CR2112601   COOK                      N CEN EXP   2  4   1    3 27 97
 POSS AMT CON SUB EXCEPT(A)/(          MIN 0001 00 0000  MAX 0001 00 0000  CC
 OFNS DATE:  7  2  96  SENT DATE:  4  17  97   DISC/REM DATE:  9  27  98
       AOIC: 5101110              VICTIM < 18:    VICTIM < 12:    TIS:
 91CR10804     COOK                      N IRI EXP   2  1   1   11  7 92
 CONT SUBS ACT-MFG/DEL                MIN 0004 00 0000  MAX 0004 00 0000  CC
 OFNS DATE:         00  SENT DATE: 12  14  92   DISC/REM DATE: 11  4  97
       AOIC: DOC0059              VICTIM < 18:    VICTIM < 12:    TIS:
 NEXT KEY DATA: IDOC #: N43426
 PF7: PAGE BACK   PF8: PAGE FWD
```

Ex. 44

Date: 06/22/2005 Time: 1:27:57 PM



ANTHONY P LIBRI JR., C.G.F.M.
SANGAMON COUNTY, CLERK OF CIRCUIT COURT
200 SOUTH 9TH STREET ROOM 405
SPRINGFIELD, IL 62701

# PROOF OF SERVICE

CLETUS E. BONES

VS.                              Case No: 2003-MR-000377

ILLINOIS DEPARTMENT OF CORRECT
ILLINOIS PRISONER REVIEW BOARD

The undersigned certifies that service of the foregoing, together with a copy of the:

Docket Entry Dated 08/05/2005

referred to herein, was made by enclosing a true copy thereof in an envelope plainly addressed to:

JOHN J. WEATHERS
OFFICE OF ATTY GENERAL
500 S 2ND ST
SPRINGFIELD        IL 62706

and depositing the same in the U.S. Mail postage pre-paid on the
9th day of August, 2005.

Circuit Clerk

By:

Deputy Clerk

Ex 45



```
COURT DOCKET - SANGAMON COUNTY CIRCUIT COURT          15    CSP048
                                                Date:  8/09/2005
                Mandamus                        Time:  5/00/27
                                                Page:    1
        C L E R K   M U S T   F O L L O W - U P

2003 MR 000377  Judge: EGGERS ROBERT J     From  8/08/2005 To  8/08/200
                                                     User: SCHEDULER
        Case Names_____  Attorney Names_____   Wsid: DAILYAM
        BONES CLETUS E          Pro Se
            VS                                        All Entries For
        ILLINOIS DEPARTMENT OF COWEATHERS JOHN J
        ILLINOIS PRISONER REVIEW WEATHERS JOHN J
__Date__
8/05/2005 DOCKET D  Judge:EGGERS ROBERT J    Rep:PRYOR ANDREA S
        03-MR-377 (BONES V. PRISONER REVIEW BOARD) An affidavit is being ·
        provided to the Defendant correcting his records in this matter.
        Pursuant thereto, a settlement has been accomplished.  Case
        dismissed.  Cause stricken.  CLERK directed to send a copy of this
        docket entry to the Mr. Bones and the Attorney General's Office.

8/05/2005 Cause Stricken Signed  Judge EGGERS ROBERT J
        Status:Cause Stricken  Report:Terminated  Aug 05,2005
```

Ex.46

## NOTICE OF FILING/PROOF OF SERVICE

TO: CLERK OF THE COURT-JOHN WATERS

ATTN: U.S DISTRICT COURT CENTRAL DISTRICT OF ILLINOIS

   100 N.E. MONROE ST., SUITE 309

   PEORIA, ILLINOIS 61602

ATTN: Clerk; **Would you please stamp one copy filed and return to me as my receipt?**

TO: _____

ATTN: _____

   _____

   _____

## CERTIFICATE OF SERVICE

I, ___CLETUS BONES_____, swear under penalty of perjury

that I served the above the attached:_____

___42 U.S.C. 1983 SUIT AGAINST STATE OFFICIALS FOR CONSTITUTIONAL VIOLATIONS_

by placing said documents in the U.S. Mail, first class postage prepaid in a U.S. Postal Box marked the same, at Henry Hill Correctional Center on the date signed hereon by the below Notary Public.

AFFIANT:

_Cletus J. Bones_

[Name & Reg. #]
Henry Hill Corr. Center
P.O. Box 1700
Galseburg, Illinois 61401

Subscribed And Sworn Before Me

This 27 Day Of Sept, 2005

_Lenard E. Palmer_
**NOTARY PUBLIC**

"OFFICIAL SEAL"
Lenard E. Palmer
Notary Public, State of Illinois
My Commission Exp. 09/29/2007