UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CLETUS BONES,
   Plaintiff,

vs.                                                No. 05-1302

ROGER WALKER,  et.al.,
   Defendants

## ORDER

This cause is before the court for merit review of the plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A. The plaintiff participated by video conference.

The pro se plaintiff, Cletus Bones, has filed a complaint pursuant to 42 U.S.C. §1983 against five defendants including Illinois Department of Corrections Directors Roger Walker and Donald Snyder; Illinois River Correctional Center Warden Donald Hulick and Illinois Prisoner Review Board Members Severia Morris and Terri Anderson. The plaintiff confirmed that he is alleging two claims involving illegal imprisonment. The plaintiff is asking for compensatory and punitive damages for each of the 220 days he says he was "unlawfully incarcerated." (Comp, p. 5)

The plaintiff states that in April of 1997 he was convicted of the offense of Possession of Controlled Substance. The plaintiff says with day for day credit, he should have been released on September 27, 1997. However, he was released on November 4, 1997. The plaintiff says the additional 38 days were unlawful imprisonment. (Comp, p. 4) The plaintiff does not state what error lead to the additional time served.

The plaintiff says he was then charged with another crime on March 29, 1999. The plaintiff says at this point, he discovered there was a improper parole hold based on his 1997 case. The plaintiff says he was not allowed to bond out on the new charge due to this parole hold. In addition, "plaintiff did an additional 182 days of parole" which added with the earlier 38 days resulted in "220 days of unlawful imprisonment by the Illinois Department of Corrections." (Comp., p. 4)

On August 13, 2003, the plaintiff filed a mandamus complaint in Sangamon County Circuit Court, Case No.03-MR-377, against the Illinois Department of Corrections concerning the alleged errors. The plaintiff says the Illinois Department of Corrections had listed that the plaintiff was charged with Manufacturing and Delivery of a Controlled Substance, rather than Possession of a Controlled Substance. The documents attached to the plaintiff's complaint state the plaintiff's records were corrected and a "settlement has been accomplished. Case dismissed." (Plain. Ex. 46, court record.) The case was dismissed in August of 2005. The plaintiff further states that he asked for damages, but the defendants would not agree to that request.

The paperwork submitted indicates the plaintiff is currently incarcerated on an unrelated charge. A letter from the Correctional Department states that the plaintiff is currently serving an eight year sentence on a charge of Attempted Murder and has an expected release date of June 20, 2006.

The court finds that the plaintiff has failed to state a claim upon which relief can be granted. State law governs the limitations period and tolling rules for a § 1983 action. *Heard v. Sheahan*, 253 F.3d 316, 317-318 (2001). The statute of limitations that applies to the plaintiff's claims is the two-year Illinois statute governing tort cases, 735 ILCS 5/13-202. *See Lucien v. Jockisch*, 133 F. 3d 464, 466 (7th Cir. 1998). The plaintiff's claim accrued when he knew or should have known of the alleged violations. *See Gonzalez v. Entress*, 133 F.3d 551 (1998).

The plaintiff admits that he first realized there was a problem when he was arrested in March of 1999. He also admits that he served the final portion of the "unlawful imprisonment" when he was arrested in 1999. And there can be no doubt the plaintiff knew of the alleged violations in his complaint when he filed his state mandamus action in August of 2003. Given the most generous interpretation possible, the plaintiff should have filed this lawsuit no later than August of 2005. Instead, he initiated this case in October of 2005.

**IT IS THEREFORE ORDERED that:**

**1) The plaintiff's complaint is dismissed for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §1915A .**

**2) The agency having custody of the Plaintiff is directed to remit the docketing fee of $250.00 from the plaintiff's prison trust fund account if such funds are available. If the plaintiff does not have $250.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each**

**time the plaintiff's account exceeds $10.00 until the statutory fee of $250.00 is paid in its entirety. The filing fee collected shall not exceed the statutory filing fee of $250.00.**

**3) The plaintiff must notify the clerk of the court of a change of address and phone number within seven days of such change.**

**4) The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.**

Enter this 26th day of October, 2005.

s\Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE