FILED-FILED
Monday, 28 November, 2005 10:56:56 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CLETUS BONES,               )
          PLAINTIFF         )
                            )
VS                          )        CASE NO. 05-CV-1302
                            )
ROGER E. WALKER, ET.AL.     )
          DEFENDANTS        )
                            )

## PETITION FOR RE-HEARING

NOW COMES, CLETUS BONES, PLAINTIFF, PRO-SE AND RESPECTFULLY ASKS THIS HONORABLE COURT TO GRANT A RE-HEARING PURSUANT TO FED. RULES OF CIVIL PROCEDURE (59). THIS RE-HEARING WOULD SHOW CAUSE THAT THE PLAINTIFF HAS A CLAIM IN WHICH RELIEF CAN BE GRANTED. IN FURTHER SUPPORT OF THIS MOTION THE PLAINTIFF STATES AS FOLLOWS;

1. THAT THE PLAINTIFF FILED A 28 U.S.C. 1983 IN THE ABOVE CAPTIONED MATTER AGAINST ROGER E. WALKER, ET.AL.

2. ON OCTOBER 25, 2005 A MERIT REVEIEW OF THE 28 U.S.C. 1983 WAS HELD BY HONORABLE JUDGE BAKER, THE REVIEW WAS PURSUANT TO 28 U.S.C. 1915..

3. ON OCTOBER 26, 2005 THE HONORABLE COURT DISMISSED THIS COMPLAINT ON FAILURE TO STATE A CLAIM IN WHICH RELIEF CAN BE GRANTED.

4. HONORABLE JUDGE BAKER SHOWS THAT THE COMPLAINT SHOULD HAVE BEEN FILED NO LATER THAN AUGUST OF 2005.

5. THE PLAINTIFF FILED A MANDAMUS AGAINST THE STATE IN AUGUST OF 2003.

6. THE CIRCUIT COURT OF THE 7TH JUDICIAL CIRCUIT HAD NOT RULED ON THE PLAINTIFFS MANDAMUS UNTIL AUGUST 05, 2005

7. PLAINTIFF ALLEGES THAT HE COULD NOT MAKE A CLAIM UNDER 28 U.S.C. 1983 UNTIL AFTER THE MANDAMUS DAD BEEN RULED ON FROM THE SANGAMON COUNTY COURT. THE PLAINTIFF COULD NOT FURTHER HIS UNLAWFUL-IMPRISONMENT BECAUSE THERE WOULD HAVE BEEN NO CLAIM FOR RELIEF UNTIL THE MANDAMUS WAS DECIDED ON IN AUGAUST OF 2005.

8. THE PLAINTIFF FURTHER ALLEGES THAT FOR ANY INORDINATE DELAY WAS FROM THE DEFENDANTS IN THIS MATTER. HAD IT NOT BEEN FOR THE DELAY OF THE DEFENDANTS THE 28 U.S.C.

1983 WOULD HAVE BEEN FILED BEFORE AUGAUST OF 2005.
(SEE EX. 1)

8.  THE NEGLECT OF THE STATE AND THE DEFEDANTS WAS DUE
    TO THE CONSTANT NEGLECT AND MIS-INTERPRETATION OF THE
    PLAINTIFFS SENTENCE.

9.  THE PLAINTIFF EXHAUSTED THE ADMINISTRATIVE REMEDIES
    AS REQUIRED BY THE RULES OF CIVIL PROCEDURE

10. THE PLAINTIFF FURTHER CONTENDS THAT HE HAS A CLAIM
    UNDER 28 U.S.C. 1983, THAT THE STATUTE OF LIMITATIONS
    IN HIS ACTION SHOULD NOT BEGIN UNITL AUGUST OF 2005,
    WHEN THE MANDAMUS WAS RULED ON IN HIS FAVOR, THE
    PLAINTIFF COULD NOT REQUEST RELIEF UNITL AFTER THE
    COURTS RULING.

11. THERE IS FURTHER NO DOUBT THAT THE PLAINTIFF AND DUE
    TO THE NEGLECT OF THE DEFENDANTS SERVED A TOTAL OF
    220 DAYS OF UNLAWFUL IMPRISONMNET  WHICH IS A VIOLAT-
    ION OF THE 14TH ADMENDMANT.

12. IN SPENCER VS KEMNA 523 US 1, 140 L.ED.2D 43, 118
    S.CT. 978, THE COURT STATED "THAT A FORMER PRISONER,
    NO LONGER IN CUSTODY, MAY BRING A §1983 ACTION ESTAB-
    LISHING THE UNCONSTITUTIONALITY OF A CONVICTION OR
    CONFINEMENT WITHOUT BEING BOUND , TO SATISFY A FAVOR-
    ABLE TERMINATION REQUIREMENT THAT IT WOULD BE IMPOSSIBLE
    AS A MATTER OF LAW TO SATISFY" THE PLAINTIFF IN THIS
    INSTANCE HAS MET THE CRITERIA OF EXHAUSTING STATE
    REMEDIES WHICH IS FURTHER ADDED IN SPENCER, NOW THAT
    THE PETITIONER HAS ALLEGED HIS CONFINEMENT AND THE
    COURT HAS RULED IN HIS BEHALF ON THE STATE LEVEL HE
    SHOULD BE ALLOWED TO BRING A §1983 DUE TO THE DURATION
    IN WHICH WAS ALLEGED IN THE MANDAMUS. FURTHER THE
    COURT STATES THAT "A §1983 ACTION FOR DAMAGES MUST
    ALWAYS AND EVERYWHERE BE AVAILABLE "FOR USING THE WRONG
    PROCEDURES. IN THIS INSTANCE IT IS APPARENT THAT THE
    DEFENDANT USED THE WRONG PROCEDURES AND NEGLECTED IN
    THE CALCULATION OF THE PLAINTIFFS SENTENCE IN WHICH
    RESULTED IN AN ADDITIONAL 220 DAYS OF UNLAWFULL--
    IMPRISONMENT. THIS ALONE SHOULD SATISFY THE COURT AND
    SHOW THAT THE PLAINTIFF HAS A CLAIM IN WHICH RELIEF
    CAN BE GRANTED.

WHEREFORE, CLETUS BONES, PLAINTIFF, PRO-SE RESPECTFULLY ASKS THAT THIS HONORABLE COURT GRANT A RE-HEARING TO SHOW JUST CAUSE THAT THE PLAINTIFF HAS A CLAIM IN WHICH RELIEF MAY BE GRANTED.

RESPECTFULLY SUBMITTED,

/S/ *Cletus C. Bones*

CLETUS BONES
N-43426
HENRY HILL CORR.CNTR.
PO BOX 1700
GALESBURG, ILLINOIS
            61401

SUBSCRIBED TO AND SWORN BEFORE ME ON THIS __22__ DAY OF __Nov.__ ,2005

*Lenard E Palmer*

NOTARY PUBLIC

"OFFICIAL SEAL"
Lenard E. Palmer
Notary Public, State of Illinois
My Commission Exp. 09/29/2007

## AFFIDAVIT

I, CLETUS BONER, PLAINTIFF, DO HEREBY DECLARE AND AFFIRM PURSUANT TO 28 USC 1746, 18 USC 1621, UNDER PENALTY OF PERJURY, THAT EVERYTHING CONTAINED HEREIN IS TRUE AND ACCURATE TO THE BEST OF MY KNOWLEDGE AND BELIEF. I FURTHER DECLARE AND AFFIRM THAT THE CONTENTS OF THE FORGOING DOCUMENTS ARE KNOWN TO ME AND ARE ACUURATE TO THE BEST OF MY KNOWLEDGE AND BELIEF. FINALLY, I DO DECLARE AND AFFIRM THAT THE MATTER AT HAND IS NOT TAKEN EITHER FRIVOUSLY OR MALICIOUSLY AND THAT I BELIEVE THE FORGOING MATTER IS TAKEN IN GOOD FAITH.

/s/ _Cletus E. Bones_
CLETUS BONES

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CLETUS BONES, | ) |
| PLAINTIFF | ) |
| | ) |
| VS. | ) CASE NO 05-CV-1302 |
| | ) |
| ROGER E. WALKER, ET.AL. | ) |
| DEFENDANTS | ) |

## NOTICE OF FILING

TO; UNITED STATES DISTRICT COURT
     CENTRAL DISTRICT OF ILLINOIS
     DISTRICT CLERK
     _Room 309 Federal Building_
     _100 N.E. Monroe_
     _Peoria, Illinois, 61602_

PLEASE-TAKE NOTICE THAT I HAVE FILED WITH THE CLERK OF THE
UNITED STATES DISTRICT CLERK OF THE CENTRAL DISTRICT, BY DEPOSIT-
ING THE ENCLOSED MOTION IN THE MAIL AT THE HENRY HILL CORRECTIONA
CENTER IN GALESBURG, ILLINOIS ON THE 22ND DAY OF NOVEMBER, 2005.

PETITION FOR RE-HEARING

/S/ _Cletus E. Bones_
CLETUS BONES N-43426

SUBSCRIBED TO AND SWORN BEFORE ME
ON THIS 22 DAY OF _Nov._ ,2005

_Lenard E. Palmer_
NOTARY PUBLIC

"OFFICIAL SEAL"
Lenard E. Palmer
Notary Public, State of Illinois
My Commission Exp. 09/29/2007



ANTHONY P LIBRI JR., C.G.F.M.
SANGAMON COUNTY, CLERK OF CIRCUIT COURT
200 SOUTH 9TH STREET ROOM 405
SPRINGFIELD, IL 62701

# PROOF OF SERVICE

CLETUS E. BONES

                    VS.                 Case No: 2003-MR-000377

ILLINOIS DEPARTMENT OF CORRECT
ILLINOIS PRISONER REVIEW BOARD

The undersigned certifies that service of the foregoing, together with a copy of the:

Docket Entry Dated 08/05/2005

referred to herein, was made by enclosing a true copy thereof in an envelope plainly addressed to:

CLETUS E. BONES
N-43426
PO BOX 1700
GALESBURG        IL 61401

and depositing the same in the U.S. Mail postage pre-paid on the
9th day of August, 2005.

SEAL

_Anthony P Libri_
Circuit Clerk

By: _____
Deputy Clerk

( EX. -1 )

```
COURT DOCKET - SANGAMON COUNTY CIRCUIT COURT          15   CSP048
                                                      Date:  8/09/2005
                   Mandamus                           Time:  5/00/27
                                                      Page:   1
        C L E R K   M U S T   F O L L O W - U P

    2003 MR 000377  Judge: EGGERS ROBERT J      From  8/08/2005 To  8/08/200
                                                      User: SCHEDULER
        Case Names_____ Attorney Names_____  Wsid: DAILYAM
        BONES CLETUS E             Pro Se
                VS                                     All Entries For
        ILLINOIS DEPARTMENT OF COWEATHERS JOHN J
        ILLINOIS PRISONER REVIEW WEATHERS JOHN J
__Date__
 8/05/2005 DOCKET D  Judge:EGGERS ROBERT J      Rep:PRYOR ANDREA S
           03-MR-377 (BONES V. PRISONER REVIEW BOARD) An affidavit is being
           provided to the Defendant correcting his records in this matter.
           Pursuant thereto, a settlement has been accomplished.  Case
           dismissed.  Cause stricken.  CLERK directed to send a copy of this
           docket entry to the Mr. Bones and the Attorney General's Office.

 8/05/2005 Cause Stricken Signed  Judge EGGERS ROBERT J
           Status:Cause Stricken  Report:Terminated  Aug 05,2005
```

**(EX.-2)**

STATE OF ILLINOIS              )
                               ) SS.
     COUNTY OF SANGAMON        )

*Bones v. IDOC, et al.*
*Case No.: 03-377*

## AFFIDAVIT

I, Ken Tupy, being first duly sworn upon oath, state that I have personal knowledge of the facts set forth herein, that I am competent to testify and if called to testify would state as follows:

1.      I am Legal Counsel for the Prisoner Review Board (PRB.) In that capacity, I am permitted to review and correct any discrepancies that may exist in the Prisoner Review Board files.

2.      At the request to the Office of the Illinois Attorney General, I reviewed the records of inmate Cletus Bones, #N43426. Upon review of Mr. Bones' records, a discrepancy was discovered to exist. This discrepancy pertains to indictment number 96CR2112601. PRB records listed this indictment as manufacturing and delivery of a controlled substance. Upon review of the Illinois Department of Corrections (IDOC) records, I have discovered the appropriate offense should be possession of a controlled substance. As such, I have made the appropriate corrections to Mr. Bones PRB records to reflect and coincide with IDOC's records. (See Attachment.)    FURTHER AFFIANT SAYETH NOT.

*Ken Tupy*

                                        **KEN TUPY**

SUBSCRIBED and SWORN TO before me this _____ day of June 22, 2005.

                                        _____
                                        NOTARY PUBLIC

> OFFICIAL SEAL
> **DIANA M. DE SALLE**
> NOTARY PUBLIC, STATE OF ILLINOIS
> MY COMMISSION EXPIRES 5-14-2007

                                        **(EX-3)**

## Minute Entries
<u>1:05-cv-01302-HAB-JAG Bones v. Walker et al</u>

### U.S. District Court

### Central District of Illinois

Notice of Electronic Filing

The following transaction was received from KW, ilcd entered on 10/25/2005 at 10:21 AM CDT and filed on 10/25/2005

**Case Name:**    Bones v. Walker et al

**Case Number:**    <u>1:05-cv-1302</u>

**Filer:**

**Document Number:**

**Docket Text:**
Minute Entry for proceedings held before Judge Harold A. Baker : Merit Review Hearing held on 10/25/2005. Appearance of plaintiff pro se. Case management order to be entered. (Court Reporter TJ.) (KW, ilcd)

The following document(s) are associated with this transaction:

**1:05-cv-1302 Notice will be electronically mailed to:**

**1:05-cv-1302 Notice will be delivered by other means to:**

Cletus Bones
N-43426
HCC
Hill Correctional Center
PO Box 1700
600 Linwood Rd
Galesburg, IL 61401

**E-FILED**
Wednesday, 26 October, 2005 01:05:25 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CLETUS BONES,
    Plaintiff,

    vs.                No. 05-1302

ROGER WALKER, et.al.,
    Defendants

## ORDER

This cause is before the court for merit review of the plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A. The plaintiff participated by video conference.

The pro se plaintiff, Cletus Bones, has filed a complaint pursuant to 42 U.S.C. §1983 against five defendants including Illinois Department of Corrections Directors Roger Walker and Donald Snyder; Illinois River Correctional Center Warden Donald Hulick and Illinois Prisoner Review Board Members Severia Morris and Terri Anderson. The plaintiff confirmed that he is alleging two claims involving illegal imprisonment. The plaintiff is asking for compensatory and punitive damages for each of the 220 days he says he was "unlawfully incarcerated." (Comp, p. 5)

The plaintiff states that in April of 1997 he was convicted of the offense of Possession of Controlled Substance. The plaintiff says with day for day credit, he should have been released on September 27, 1997. However, he was released on November 4, 1997. The plaintiff says the additional 38 days were unlawful imprisonment. (Comp, p. 4) The plaintiff does not state what error lead to the additional time served.

The plaintiff says he was then charged with another crime on March 29, 1999. The plaintiff says at this point, he discovered there was a improper parole hold based on his 1997 case. The plaintiff says he was not allowed to bond out on the new charge due to this parole hold. In addition, "plaintiff did an additional 182 days of parole" which added with the earlier 38 days resulted in "220 days of unlawful imprisonment by the Illinois Department of Corrections." (Comp., p. 4)

On August 13, 2003, the plaintiff filed a mandamus complaint in Sangamon County
Circuit Court, Case No.03-MR-377, against the Illinois Department of Corrections concerning
the alleged errors. The plaintiff says the Illinois Department of Corrections had listed that the
plaintiff was charged with Manufacturing and Delivery of a Controlled Substance, rather than
Possession of a Controlled Substance. The documents attached to the plaintiff's complaint
state the plaintiff's records were corrected and a "settlement has been accomplished. Case
dismissed." (Plain. Ex. 46, court record.) The case was dismissed in August of 2005. The
plaintiff further states that he asked for damages, but the defendants would not agree to that
request.

The paperwork submitted indicates the plaintiff is currently incarcerated on an
unrelated charge. A letter from the Correctional Department states that the plaintiff is
currently serving an eight year sentence on a charge of Attempted Murder and has an expected
release date of June 20, 2006.

The court finds that the plaintiff has failed to state a claim upon which relief can be
granted. State law governs the limitations period and tolling rules for a § 1983 action. *Heard v.
Sheahan*, 253 F.3d 316, 317-318 (2001). The statute of limitations that applies to the plaintiff's
claims is the two-year Illinois statute governing tort cases, 735 ILCS 5/13-202. *See Lucien v.
Jockisch*, 133 F. 3d 464, 466 (7th Cir. 1998). The plaintiff's claim accrued when he knew or
should have known of the alleged violations. *See Gonzalez v. Entress*, 133 F.3d 551 (1998).

The plaintiff admits that he first realized there was a problem when he was arrested in
March of 1999. He also admits that he served the final portion of the "unlawful
imprisonment" when he was arrested in 1999. And there can be no doubt the plaintiff knew of
the alleged violations in his complaint when he filed his state mandamus action in August of
2003. Given the most generous interpretation possible, the plaintiff should have filed this
lawsuit no later than August of 2005. Instead, he initiated this case in October of 2005.

**IT IS THEREFORE ORDERED that:**

**1) The plaintiff's complaint is dismissed for failure to state a claim upon which
relief can be granted pursuant to 28 U.S.C. §1915A .**

**2) The agency having custody of the Plaintiff is directed to remit the docketing fee of
$250.00 from the plaintiff's prison trust fund account if such funds are available. If
the plaintiff does not have $250.00 in his trust fund account, the agency must send
20 percent of the current balance, or the average balance during the past six
months, whichever amount is higher; thereafter, the agency shall begin forwarding
monthly payments from the plaintiff's trust fund account to the clerk of court each**

2

time the plaintiff's account exceeds $10.00 until the statutory fee of $250.00 is paid in its entirety.  The filing fee collected shall not exceed the statutory filing fee of $250.00.

3) The plaintiff must notify the clerk of the court of a change of address and phone number within seven days of such change.

4)  The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.

Enter this 26th day of October, 2005.


s\Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE

3

Page: 1 Document Name: untitled

```
OM0SC009          ILLINOIS DEPARTMENT OF CORRECTIONS -- OTS          6/22/ 5
  PAGE: 0001        SENTENCE CALC -- MITTIMUS/SENTENCE INQUIRY        13:27:50

  IDOC#: N43426 BONES, CLETUS              2 A L  HIL-R2-A -67        04/20/2006

 PROJ REL DTE: 04/20/2006  PROJ DISC DTE: 04/20/2009  NEXT DOCKET DTE:     0000
                                    SEX OFFENDER REGISTRY REQD: UNK
 ---MITT #---  --COMT CNTY-- COURT FIND   MN MX ---DISC--- SEQ CL CNTS CUST DATE
 99CR0859801   COOK                        X  X               2  X  2   3 17 99
 ATTEMPT MURDER/INTENT TO KIL       MIN 0008 00 0000  MAX 0008 00 0000  CC
 OFNS DATE:  3  29  99  SENT DATE:  3  14  01   DISC/REM DATE:       00
     AOIC: 0735000             VICTIM < 18: U  VICTIM < 12:     TIS: Y
 96CR2112601   COOK                        N CEN EXP      2  4  1   3 27 97
 POSS AMT CON SUB EXCEPT(A)/(        MIN 0001 00 0000  MAX 0001 00 0000  CC
 OFNS DATE:  7  2  96  SENT DATE:  4  17  97   DISC/REM DATE:  9  27  98
     AOIC: 5101110             VICTIM < 18:    VICTIM < 12:     TIS:
 91CR10804     COOK                        N IRI EXP      2  1  1   11  7 92
 CONT SUBS ACT-MFG/DEL               MIN 0004 00 0000  MAX 0004 00 0000  CC
 OFNS DATE:        00  SENT DATE: 12  14  92   DISC/REM DATE: 11   4  97
     AOIC: DOC0059             VICTIM < 18:    VICTIM < 12:     TIS:
 NEXT KEY DATA: IDOC #: N43426
 PF7: PAGE BACK    PF8: PAGE FWD
```

Page: 1 Document Name: untitled

```
DM0SC009            ILLINOIS DEPARTMENT OF CORRECTIONS -- OTS          6/22/ 5
  PAGE: 0001          SENTENCE CALC -- MITTIMUS/SENTENCE INQUIRY          13:27:50

  IDOC#: N43426 BONES, CLETUS              2 A L  HIL-R2-A -67          04/20/2006

 PROJ REL DTE: 04/20/2006  PROJ DISC DTE: 04/20/2009  NEXT DOCKET DTE:      0000
                                   SEX OFFENDER REGISTRY REQD: UNK
 ---MITT #---   --COMT CNTY--  COURT FIND  MN MX ---DISC--- SEQ CL CNTS CUST DATE
 99CR0859801  COOK                          X  X          2  X   2    3 17 99
ATTEMPT MURDER/INTENT TO KIL               MIN 0008 00 0000  MAX 0008 00 0000  CC
OFNS DATE:  3  29  99  SENT DATE:  3  14  01    DISC/REM DATE:       00
      AOIC: 0735000            VICTIM < 18: U  VICTIM < 12:     TIS: Y
96CR2112601  COOK                          N CEN EXP      2  4   1    3 27 97
POSS AMT CON SUB EXCEPT(A)/(               MIN 0001 00 0000  MAX 0001 00 0000  CC
OFNS DATE:  7   2  96  SENT DATE:  4  17  97    DISC/REM DATE:  9  27  98
      AOIC: 5101110            VICTIM < 18:     VICTIM < 12:     TIS:
91CR10804     COOK                         N IRI EXP      2  1   1    11  7 92
CONT SUBS ACT-MFG/DEL                      MIN 0004 00 0000  MAX 0004 00 0000  CC
OFNS DATE:       00  SENT DATE: 12  14  92    DISC/REM DATE: 11   4  97
      AOIC: DOC0059            VICTIM < 18:     VICTIM < 12:     TIS:
NEXT KEY DATA: IDOC #: N43426
PF7: PAGE BACK    PF8: PAGE FWD
```

AO 450 (Rev. 5/85) Judgment in a Civil Case

**E-FILED**

Wednesday, 26 October, 2005 01:46:55 PM

Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

# JUDGMENT IN A CIVIL CASE

**Cletus Bones**

vs.

Case Number:    **05-1302**

**Roger E. Walker, Jr.; Donald Snyder;**
**Donald Hulick; Severia Morris; and**
**Terri Anderson**

**DECISION BY THE COURT**.  This action came before the Court.  The issues have been  heard and a decision has been rendered.

**IT IS ORDERED AND ADJUDGED** that this case is dismissed for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C.§1915A.

ENTER this 26th day of October, 2005

s/John M. Waters
    JOHN M. WATERS, CLERK

____s/M. Leininger_____
        BY:  DEPUTY CLERK

| | |
|---|---|
| CLETUS BONES N-43426 | ) |
| **Plaintiff** | ) |
| | ) |
| **vs.** | ) |
| | ) |
| ROGER E. WALKER JR. ET. AL. | ) |
| DONALD SNYDER, DONALD HULICK, | ) |
| SEVERIA MORRIS, TERRI ANDERSON | ) |
| | ) |
| **Defendant(s)** | ) |

Case No. _____

# COMPLAINT

☒    42 U.S.C. §1983 (suit against state officials for constitutional violations)

☐    28 U.S.C. § 1331 (suit against federal officials for constitutional violations)

☐    Other _____

*Please note:  This form has been created for prisoners but can be adapted for use by non-prisoners.*

Now comes the plaintiff, _____CLETUS BONES_____, and states as follows:

My current address is:  HENRY HILL CORRECTIONAL CENTER, PO BOX 1700,

_____GALESBURG, ILLINOIS 61401_____

The defendant ROGER E. WALKER JR., is employed as DIRECTOR OF ILLINOIS

DEPARTMENT OF CORRECTIONS    at  1301 CONCORDIA COURT, SPRINGFIELD, ILLINOIS

The defendant DONALD N. SNYDER, is employed as DIRECTOR OF THE ILLINOIS

DEPARTMENT OF CORRECTIONS    at 1301 CONCORDIA COURT, SPRINGFIELD, ILLINOIS

The defendant DONALD HULICK, is employed as WARDEN OF ILLINOIS RIVER

CORRECTIONAL CENTER    at  ROUTE 9 WEST, PO BOX 999, CANTON, ILL.

The defendant SEVERIA MORRIS, is employed as ILLINOIS DEPARTMENT OF

PRISON REVIEW BOARD    at 319 EAST MADISON ST.,SUITE A, SPRINGFIELD, ILL.

(revised 9/96)

<u>COMPLAINT</u>

ON 4-17-97 THE PLAINTIFF WAS CONVICTED OF <u>POSSESSION OF A CONTROLLED</u>
<u>SUBSTANCE</u>, A CLASS 4 FELONY. THE PLAINTIFF WAS SENTENCED TO SERVE ONE YEAR
WITHIN THE ILLINOIS DEPARTMENT OF CORRECTIONS ALONG WITH ONE YEAR OF
MANDATORY SUPERVISED RELEASE. ON 7-2-97 THE CIRCUIT COURT OF COOK
COUNTY ISSUED A CORRECTED MITTIMUS CREDITING THE DEFENDANT WITH 20
ACTUAL DAYS AGIANST HIS CONVICTION. UPON THE ILLINOIS STATE LAW THE
PLAINTIFF WAS TO BE GIVEN DAY FOR DAY CREDIT. WHICH WOULD HAVE
CALCULATED HIS OUT DATE TO BE 9-27-97. THE PALINTIFF WAS EVENTUALLY
LET OUT ON 11-4-97 FROM THE ILLINOIS DEPARTMENT OF CORRECTIONS. THIS
IS 38 DAYS OF UNLAWFULL INPRISONMENT FROM THE INDIVIDUALS ENVOLVED
IN THIS FOREGOING MATTER. THE PLAINTIFF ADVENTUALLY WAS CHARGED WITH
ANOTHER CRIME IN 1999. UPON BEING CHARGED ON 3-29-1999, THE PLAINTIFF
FOUND OUT THAT THERE WAS A PAROLE HOLD FROM THE PREVIOUS CASE OF THE
CLASS 4 FELONY IN WHICH HE HAD ALREADY SERVED HIS IMPRISONMENT ON.
THE PLAINTIFF'S PAROLE SHOULD HAVE BEEN TERMINATED ON 9-27-98, AGAIN
DUE TO THE ERRORS FROM THE DEPARTMENT OF CORRECTIONS HE WAS STILL
CURRENTLY SERVING PAROLE TIME THAT SHOULD HAVE ALREADY BEEN TERMINATED.
THE PLAINTIFF WAS NOT ALLOWED TO BOND OUT ON THE NEW CHARGE BECAUSE
OF THE PAROLE HOLD ON HIS CLASS 4 FELONY. IN WHICH THE PALINTIFF DID
AN ADDITIONAL 182 DAYS OF PAROLE WHICH HAS A TOTAL AMOUNT OF 220 DAYS
OF UNLAWFUL IMPRISONMENT BY THE ILLINOIS DEPARTMENT OF CORRECTIONS.

THE PETITTONER ADVENTUALLY FILED A MANDAMUS AGAINST THE ILLINOIS
DEPARTMENT OF CORRECTIONS TO CLEAR THE MISTAKE UP. TO THE LACK OF
NEGLIGENCE THE ILLINOIS DEPARTMENT OF CORRECTIONS HAD THE PLAINTIFF
LISTED AS CHARGED WITH <u>MANUFACTURING AND DELIVERY OF A CONTROLLED SUBSTANCE</u>,
WHEN THE ORIGINAL CHARGE ONLY CONSISTED OF <u>POSSESSION OF A CONTROLLED</u>
<u>SUBSTANCE</u> WHICH IS A CLASS 4 FELONY. DUE TO THE NEGLECT OF THE ILLINOIS

DEPARTMENT OF CORRECTIONS THE PLAINTIFF SPENT SEVERAL DAYS OF UNLAWFULL
IMPRISONMENT WHICH IS A VIOLATION OF THE DUE PROCESS CLAUSE OF THE
FOURTEENTH ADMENDMENT. THE EXHIBITS OUTLINED IN THIS CLAIM WILL SERVE
THE PURPOSE AND SHOW THAT DUE TO THE MALICIOUS ERRORS FROM THE ILLINOIS
DEPARTMENT STAFF THE PALINTIFF WAS INCARCERATED LONGER THAN WHAT WAS
IMPOSED FROM A TRIAL COURT OF THE STATE.

FURTHERMORE, UPON RE-ENTRY INTO THE ILLINOIS DEPARTMENT OF CORRECTIONS
FOR A CONVICTION IN 1999, THE PLAINTIFF BECAME A ESCAPE RISK DUE TO
A VIOLATION OF PAROLE, WHICH SHOULD NOT HAVE BEEN IN EXISTANCE AND SHOULD
HAVE BEEN TERMINATED IN 1998. DUE TO THE NEGLECT FROM THE STAFF THE INMATE,
PLAINTIFF, WAS GIVEN THAT CLASSIFICATION DUE TO WHAT THE DEPARTMENT OF
CORRECTIONS CONSIDERED TO BE AWOLO THIS CLASSIFICATION ALONE DISCRIMINATED
AGAINST THE PLAINTIFF AND FURTHER STOPPED HIM FROM REHABILITATION DUE
TO THE INTENT OF THE STAFF OF THAT DEPARTMENT. HAD THE VIOLATION NOT BEEN,
THERE, WHICH SHOULD HAVE BEEN TERMINATED. THE PLAINTIFF WOULD NOT HAVE
RECEIVED THIS CLASSIFAICATION AND THE PLAINTIFF WOULD HAVE BEEN ALLOWED
TO FURTHER REHABILITATE HIMSELF.

## RELIEF REQUESTED

DUE TO THE APPARENT MALICIOUS INTENT AS WELL AS THE NEGLECT OF THE
STAFF OF THE ILLINOIS DEPARTMENT OF CORRECTIONS, AND IN VIOLATION OF
THE DUE PROCESS CLAUSE OF THE FOUR TEENTH ADMENDMANT THE PLAINTIFF WILL
BE ASKING THIS COURT TO AWARD THE PLAINTIFF THE AMOUNT OF $250.00 PER
DAY OF UNLAWFULL INCARCERATION AGAINST THE INDIVIDUALS SET FORTH IN THIS
CLAIM. THE PLAINTIFF WAS UNLAWFULLY INCARCERATED WITHIN THE ILLINOIS
DEPARTMENT OF CORRECTIONS FOR A TOTAL OF 220 DAYS. THE TOTAL AMOUNT IN
WHICH THE PLAINTTFF IS SEEKING FOR DAMAGES SET FORTH IN THIS PETITION
WILL BE $55,000.00 FOR THE UNLAWFULL IMPRISONMENT SET FORTH FROM THE

INDIVIDUALS IN THIS PETITION. AND ANY OTHER PUNITIVE DAMAGES FOR MENTAL

ANGUISH, DEPRESSION, AND EMOTIONAL STRESS CAUSED BY THE UNLAWFULL

IMPRISONMENT. THIS PLAINTIFF ASK THAT THIS HONOABLE SET FORTH THE DAMAGES

SET FORTH FOR THE PUNITIVE DAMAGES.


JURY DEMAND IS REQUESTED BY THE PLAINTIFF

/S/  _Cletus E. Bones_

    CLETUS BONES
    N-43426
    HENRY HILL CORRECTIONAL CENTER
    PO BOX 1700
    GALESBURG, ILLINOIS
                    61401


SUBSCRIBED AND SWORN BEFORE ME ON

THIS  27  DAY OF Sept , 2005

_Lenard E. Palmer_
NOTARY PUBLIC


```
"OFFICIAL SEAL"
Lenard E. Palmer
Notary Public, State of Illinois
My Commission Exp. 09/29/2007
```

CLETUS BONES N-43426
_____ )
                        Plaintiff )
                                  )
                                  )
          vs.                     )        Case No. _____
                                  )
                                  )
ROGER E. WALKER JR. ET. AL.       )
DONALD SNYDER, DONALD HULICK,     )
SEVERIA MORRIS, TERRI ANDERSON    )
_____   )
                        Defendant(s) )

## COMPLAINT

☒    42 U.S.C. §1983 (suit against state officials for constitutional violations)

☐    28 U.S.C. § 1331 (suit against federal officials for constitutional violations)

▣    Other _____

*Please note: This form has been created for prisoners but can be adapted for use by non-prisoners.*

Now comes the plaintiff, _____ CLETUS BONES _____, and states as follows:

My current address is: HENRY HILL CORRECTIONAL CENTER, PO BOX 1700,

GALESBURG, ILLINOIS 61401

The defendant ROGER E. WALKER JR. , is employed as DIRECTOR OF ILLINOIS

DEPARTMENT OF CORRECTIONS at 1301 CONCORDIA COURT, SPRINGFIELD, ILLINOIS

The defendant DONALD N. SNYDER , is employed as DIRECTOR OF THE ILLINOIS

DEPARTMENT OF CORRECTIONS at 1301 CONCORDIA COURT, SPRINGFIELD, ILLINOIS

The defendant DONALD HULICK , is employed as WARDEN OF ILLINOIS RIVER

CORRECTIONAL CENTER at ROUTE 9 WEST, PO BOX 999, CANTON, ILL.

The defendant SEVERIA MORRIS , is employed as ILLINOIS DEPARTMENT OF

PRISON REVIEW BOARD at 319 EAST MADISON ST.,SUITE A, SPRINGFIELD, ILL.

(revised 9/96)

OF CORRECTION(ADM. REVIEW BOARD)    at  1301 CONCORDIA COURT, SPRINGFIELD, ILLINOIS

Additional defendants and addresses _____

_____

*********************************************************************************

_____

For additional plaintiffs or defendants, provide the information in the same format as above **on a**

separate page.

## LITIGATION HISTORY

A.  Have you brought any other lawsuits in state or federal court dealing with the same facts involved

in this case?                Yes            ☐                        No XXXXXX

If yes, please describe   NOT APPLICABLE

_____

B.  Have you brought any other lawsuits in state or federal court while incarcerated?

                        Yes    XXX                        No  ☐

C.  If your answer to B is yes, how many?   1    Describe the lawsuit in the space below.  (If there

is more than one lawsuit, describe the additional lawsuits on another piece of paper using the same

outline.)

   1.  Parties to previous lawsuit:

      Plaintiff(s)   ILLINOIS DEPARTMENT OF CORRECTIONS, ILLINOIS PRISONER REVIEW BOARD

      Defendant(s)   ROGER E. WALKER JR., KEN TUPEY _____

              _____

   2.  Court (if federal court, give name of district; if state court, give name of county)

      SANGAMON COUNTY 7TH JUDICIAL CIRCUIT

   3. Docket Number/Judge   2003-MR-000377, HONOABLE JUDGE ROBERT J. EGGERS

5. Disposition (That is, how did the case end. Was the case dismissed? Was it appealed? Is it still pending?) STATE ADMITTED CLERICAL ERRORS AND CORRECTED MITTIMUS

6. Approximate date of filing of lawsuit (MANDAMUS) 8/18/03

7. Approximate date of disposition 8/05/2005

For additional cases, provide the above information in the same format on a separate page.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

A. Is there a grievance procedure available at your institution? Yes ☒ No ☐

B. Have you filed a grievance concerning the facts relating to this complaint? Yes ☒ No ☐

If your answer is no, explain why not PLAINTIFF EXHAUSTED

C. Is the grievance process completed? Yes ☒ No ☐

*PLEASE NOTE: THE PRISON LITIGATION REFORM ACT BARS ANY INCARCERATED PERSON FROM BRINGING SUIT CONCERNING THE CONDITIONS OF HIS CONFINEMENT UNLESS AND UNTIL HE HAS EXHAUSTED AVAILABLE ADMINISTRATIVE REMEDIES. PLEASE ATTACH COPIES OF MATERIALS RELATING TO YOUR GRIEVANCE.*

INDIVIDUALS IN THIS PETITION. AND ANY OTHER PUNITIVE DAMAGES FOR MENTAL

ANGUISH, DEPRESSION, AND EMOTIONAL STRESS CAUSED BY THE UNLAWFULL

IMPRISONMENT. THIS PLAINTIFF ASK THAT THIS HONOABLE SET FORTH THE DAMAGES

SET FORTH FOR THE PUNITIVE DAMAGES.


JURY DEMAND IS REQUESTED BY THE PLAINTIFF

/S/ *Cletus E. Bones*

CLETUS BONES
N-43426
HENRY HILL CORRECTIONAL CENTER
PO BOX 1700
GALESBURG, ILLINOIS
                    61401

SUBSCRIBED AND SWORN BEFORE ME ON

THIS _27_ DAY OF _Sept_ , 2005

*Lenard E. Palmer*

NOTARY PUBLIC


"OFFICIAL SEAL"
Lenard E. Palmer
Notary Public, State of Illinois
My Commission Exp. 09/29/2007

1C63

ILLINOIS DEPARTMENT OF CORRECTIONS
**RESPONSE TO COMMITTED PERSON'S GRIEVANCE**

| Grievance Officer's Report |
|---|

**Date Received:** March 7, 2003          **Date of Review:** July 23, 2003          **Grievance #** (optional):

**Committed Person:** Cletus Bones                                    **ID#:** N43426

**Nature of Grievance:** IDOC, Prisoner Review Board

**Facts Reviewed:** Inmate Bones states that his security level was changed from low to high and he was given a blue I.D. Inmate states this is a result of IDOC and the Prisoner Review Board not correcting a mistake in his record. He claims he was convicted of one charge but was processed for another. He states a judge corrected this mistake on 7-2-97. Inmate wants compensation, record cleared, and warrant terminated. Input from clinical services states the inmate's escape risk was reviewed on 2-8-03 and it was determined to be MODERATE (blue I.D.) based upon past parole AWOL. Based upon the information received from the clinical sevices counselor the grievance officer recommends the grievance be denied.

**Recommendation:** Grievance denied.

JUL 2003
RECEIVED
Grievance
Officer

Gary L. Pampel
        Print Grievance Officer's Name                                    Grievance Officer's Signature
**(Attach a copy of Committed Person's Grievance, including counselor's response if applicable)**

| Chief Administrative Officer's Response |
|---|

**Date Received:** 7/24/03          ☑ I concur          ☐ I do not concur          ☐ Remand

**Comments:**

JUL 2003
RECEIVED
Grievance
Officer

Chief Administrative Officer's Signature                                    7/24/63
                                                                                      Date

| Committed Person's Appeal To The Director |
|---|

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

        Committed Person's Signature                              ID#                              Date

# Grievance Continued:

In which was to have previously terminated
by then in any case. I wrote a grievance
concern of the matter when I was in Cook
Jail, but I never heard anything on it. I
~~het~~ wrote a letter on April 1, 1999, to the
Parole agency and there wasn't any change.
I was sentenced for this new offense on
14, 2001 and sent to the IDOC. Case #990
I arrived at Centralia, Correctional Cen
3-27-01. I was told by the receiving Co
there that the Parole Board was going to see
concerning the altered Parole Violation on A
11, 2001, but that interview never happened.
Sent a Request to the Record Office and I was
that I was being rescheduled, as of this day
have not heard from the Parole board or the
concerning their error. But I am still be
nished for their wrongful alteration. I have
denied bond by the Cook County Dept. of Correc
for a warrant from the IDOC. I have been r
to serve many years on Parole, I've been denie
be transferred to a minimum security facility, I
denied institutional job's because of these fa
gation's, I have a high risk security I D
to no fault of my own.

C. Peter Bones, #n
Hill, Correctional

RECEIVED
APR 18 2003
OFFICE OF
INMATE ISSUES

ILLINOIS DEPARTMENT OF CORRECTIONS
## COMMITTED PERSON'S GRIEVANCE

| 3-7-03 | Committed Person: (Please Print) | Cletus Banes | ID#: N-43426 |
| Present Facility: Hill, C.C. | | Facility where grievance issue occurred: Hill, C.C. | |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [ ] Staff Conduct
- [ ] Transfer Denial by Facility
- [x] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] Disability
- [x] Other (specify): IDOC, PRB

- [ ] Disciplinary Report: ___/___/___
  Date of Report    Facility where issued

Note:    Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
  Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
  Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
  Chief Administrative Officer, only if EMERGENCY grievance.
  Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
  administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
  Administrative Officer.

**Brief Summary of Grievance:** My SECURITY level was changed from low to high Risk, after RECEIVing a blue ID on Feb-13, 2003 at Hill Correctional Center. I've tried on numerous occasions to discourse and Resolve my issue with the Cellhouse Counselor in R3, B-Wing, and I was told by that Counselor that She was unable to do anything because I have to have my blue ID for a YEAR before the institution REVIEW my issue. I then wrote to the Record Office on numerous occasions and my Request was unanswered, I also tried to write to the Clinical Service Supervisor hoping that he/she would assist.

**Relief Requested:** To be Compensated for ever day that I Served excessively on Parole, Terminate Warrant on Case #99CR8598, Recall Charges of Parole Warrant, Compensated for illegal process by IDOC.

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| Cletus Banes | N-43426 | 3.7.03 |
| Committed Person's Signature | ID# | Date |

(Continue on reverse side if necessary)

---

### Counselor's Response (if applicable)

Date Received: 4 / 8 / 03    [ ] Send directly to Grievance Officer    [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: Your escape risk was reviewed on 2-8-03 and determined to be moderate (Blue ID) based on past parole AWOL.

| S Jefferson | [signature] | 4 / 8 / 03 |
| Print Counselor's Name | Counselor's Signature | Date of Response |

---

### EMERGENCY REVIEW

Date Received: ___/___/___    Is this determined to be of an emergency nature?
  [ ] Yes; expedite emergency grievance
  [ ] No; an emergency is not substantiated. Committed person should submit this grievance in the normal manner.

**RECEIVED**

APR 1 8 2003

OFFICE OF INMATE ISSUES

_____
Chief Administrative Officer's Signature

Printed on Recycled Paper



**Illinois**
Department of
**Corrections**

**Rod R. Blagojevich**
Governor

**Roger E. Walker, Jr.**
Director

1301 Concordia Court / P.O. Box 19277 / Springfield IL 62794-9277 / Telephone: (217) 522-2666 / TDD: (800) 526-0844

October 2, 2003

Cletus Bones
Register No. N43426
Hill Correctional Center

Dear Mr. Bones:

This will acknowledge receipt of your grievance to the Administrative Review Board received August 7, 2003, regarding classification (moderate escape risk) at the Hill Correctional Center.

Your written grievance dated March 7, 2003, was reviewed. You request monetary compensation for excess parole, termination of a warrant and documentation of same.

The issue of your parole violation is beyond the jurisdiction of this Department. You may wish to contact the Illinois Prisoner Review Board (319 East Madison St., Suite A, Springfield, IL 62701) with regard to this issue.

The Grievance Officer's report dated July 23, 2003, regarding the escape risk designation was reviewed. It was the recommendation of the Grievance Officer the grievance be denied and the Warden concurred on July 24, 2003.

Clinical Services staff were contacted regarding your escape risk classification. This office was advised your escape level was reviewed on February 2003, noting moderate escape risk. Documentation indicates the moderate designation is due to past parole AWOL.

Recommendation: Based upon a total review of all available information this Chairperson recommends this grievance be denied as the offender's escape risk designation has been reviewed in accordance with established Department policy and procedure.

For the Board:

Nancy S. Tucker, Chairperson
Administrative Review Board
Office of Inmate Issues

Concurred.

Roger E. Walker Jr., Director

Cc:    Warden – Hill Correctional Center
        Cletus Bones, Register No. N43426
        Chron. File

ILLINOIS DEPARTMENT OF CORRECTIONS
**RESPONSE TO COMMITTED PERSON'S GRIEVANCE**

1C63

| Grievance Officer's Report | | |
|---|---|---|
| Date Received: March 7, 2003 | Date of Review: July 23, 2003 | Grievance # (optional): |
| Committed Person: Cletus Bones | | ID#: N43426 |

Nature of Grievance: IDOC, Prisoner Review Board

**Facts Reviewed:** Inmate Bones states that his security level was changed from low to high and he was given a blue I.D. Inmate states this is a result of IDOC and the Prisoner Review Board not correcting a mistake in his record. He claims he was convicted of one charge but was processed for another. He states a judge corrected this mistake on 7-2-97. Inmate wants compensation, record cleared, and warrant terminated. Input from clinical services states the inmate's escape risk was reviewed on 2-8-03 and it was determined to be MODERATE (blue I.D.) based upon past parole AWOL. Based upon the information received from the clinical sevices counselor the grievance officer recommends the grievance be denied.

**Recommendation:** Grievance denied.

Gary L. Pampel
_____          _____
Print Grievance Officer's Name          Grievance Officer's Signature
**(Attach a copy of Committed Person's Grievance, including counselor's response if applicable)**

| Chief Administrative Officer's Response | |
|---|---|
| Date Received: 7/24/03 | ☑ I concur    ☐ I do not concur    ☐ Remand |
| Comments: | |

_____                              7/24/03
Chief Administrative Officer's Signature                    Date

**Committed Person's Appeal To The Director**

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

_____          _____          _____
Committed Person's Signature                    ID#                    Date

ILLINOIS DEPARTMENT OF CORRECTIONS
## COMMITTED PERSON'S GRIEVANCE

| 3-7-03 | Committed Person: (Please Print) Cletus Bones | ID#: N-43426 |
|---|---|---|
| Present Facility: Hill, C.C. | Facility where grievance issue occurred: Hill, C.C. | |

**NATURE OF GRIEVANCE:**

☐ Personal Property  ☐ Mail Handling  ☐ Restoration of Good Time  ☑ Disability  *IDOC,* **PRB**
☐ Staff Conduct  ☐ Dietary  ☐ Medical Treatment  ☐ Other (specify) *IDOC*
☐ Transfer Denial by Facility  ☐ Transfer Denial by Transfer Coordinator

☐ Disciplinary Report: _____ / _____
　　　　　　　　　Date of Report　　　　Facility where issued

Note:　Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
　　Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
　　Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
　　Chief Administrative Officer, only if EMERGENCY grievance.
　　Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
　　administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
　　Administrative Officer.

**Brief Summary of Grievance:** My SECURITY level was Changed from low to high Risk, after REceiving a blue ID on Feb. 13, 2003 at Hill Correctional Center. I've tried on numerous occasion's to discourse and Resolve my issue with the Cellhouse Counselor in R3, B-Wing, and I was told by that Counselor that she was unable to do anything because I have to have my blue ID for a year before the institution Review my issue. I then wrote to the Record Office on numerous occasion's and my Request was unanswered, I also tried to write to the Clinical SERVICE Supervisor hoping that he/she would assist

**Relief Requested:** To be Compensated for every day that I served Excessively on Parole. Terminate Warrant on Case #99C88598. Recind Change of Parole Warrant. Compensated for illegal process by IDOC.

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| Cletus Bones | N-43426 | 3,7,03 |
|---|---|---|
| Committed Person's Signature | ID# | Date |

(Continue on reverse side if necessary)

---

### Counselor's Response (if applicable)

Date Received: 4 / 8 / 03　　☐ Send directly to Grievance Officer　　☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: Your escape risk was reviewed on 2-8-03 and determined to be moderate (Blue ID) based on past parole AWOL.

| S. Jefferson | [signature] Jefferson | 4, 8, 03 |
|---|---|---|
| Print Counselor's Name | Counselor's Signature | Date of Response |

---

### EMERGENCY REVIEW

Date Received: _____ / _____ / _____　　Is this determined to be of an emergency nature?　☐ Yes: expedite emergency grievance
　　☐ No; an emergency is not substantiated. Committed person should submit this grievance in the normal manner.

**RECEIVED**
APR 1 8 2003
OFFICE OF
INMATE ISSUES

_____
Chief Administrative Officer's Signature

## GRIEVANCE Continued:

In which was to have previously terminated by then in any case. I wrote a grievance in concern of the matter when I was in Cook County Jail, but I never heard anything on it. I also wrote a letter on April 1, 1999, to the Parole agency and there wasn't any changes.

I was sentenced for this new offense on March 14, 2001 and sent to the IDOC. Case #99CR8598. I arrived at Centralia, Correctional Center on 3-27-01. I was told by the receiving Counselor there that the Parole Board was going to see me concerning the alleged Parole Violation on April 11, 2001, but that interview never happened. I then sent a request to the Record Office and I was told that I was being rescheduled, as of this day I still have not heard from the Parole board or the IDOC concerning their error. But I am still being punished for their wrongful allegation. I have been denied bond by the Cook County Dept. of Correction for a warrant from the IDOC. I have been forced to serve many years on Parole, I've been denied to be transferred to a minimum security facility, I've been denied institutional jobs because of these false allegations, I have a high risk security I D due to no fault of my own.

Cletus Boner, # N-73426

APR 18 2003
OFFICE OF
INMATE ISSUES

EXHIBIT #9

**To: Name** Pones    **#** N43426    **Location:** E718

*Sent to file*
*on 9-14-02*



## From the desk of:

# Karen Rabideau

### E-House Counselor

**Date:** 9-18-02

Cletus,

I sent a copy of your grievance and all forms to Record Office Supervisor, and am waiting for this response. Keep being patient is all I can tell you – easier said than done, I know!! I'll let you know when I get something back.

Ms. Rabideau

ILLINOIS DEPARTMENT OF CORRECTIONS

## Administrative Review Board
## Return of Grievance or Correspondence

Offender:  _Bones_  _Cletus_  MI ___  ID# _N43426_
            Last Name        First Name

Facility:  _STA_

☑ Grievance (Local Grievance # (if applicable): _____ )  or  ☐ Correspondence

Received: _11/22/02_  Regarding: _PAROLE VIOLATION 1999_
          Date

The attached grievance or correspondence is being returned for the following reasons:

**Additional information required:**

☐ Use the Committed Person's Grievance Report, DOC 0047 (formerly DC 5657), including the Grievance Officer's and Chief Administrative Officer's response, to appeal.

☐ Provide a copy of the Committed Person's Grievance, DOC 0046 (formerly DC 5657) including the counselor's response if applicable).

☐ Provide date(s) of disciplinary report(s) and facility where incident(s) occurred.

☐ Unable to determine nature of grievance or correspondence; submit additional specific information.  Please return the attached grievance or correspondence with the additional information requested to:   Administrative Review Board
Office of Inmate Issues
1301 Concordia Court
Springfield, IL   62794-9277

**Misdirected:**

☐ Contact your correctional counselor regarding this issue.

☐ Request restoration of Good Conduct Credits (GCC) to Adjustment Committee.  If request is denied, utilize the inmate grievance process outlined in Department Rule 504 for further consideration.

☐ Contact the Record Office with your request or to provide additional information.

☐ Personal property issues are to be reviewed at your current facility prior to review by the Administrative Review Board

☐ Address concerns to:  Illinois Prisoner Review Board
319 E. Madison St., Suite A
Springfield, IL  62706

**No further redress:**

☐ Award of Meritorious Good Time (MGT) and Statutory Meritorious Good Time (SMGT) are administrative decisions; therefore, this issue will not be addressed further.

☒ Not submitted in the timeframe outlined in Department Rule 504; therefore, this issue will not be addressed further.

☐ This office previously addressed this issue on _____/_____/_____.
                                                          Date

☐ No justification provided for additional consideration.

**Other (specify):** _____

_____

Completed by:  _DCRAVENS_  Signature _____  Date _12/2/02_
               Print Name

Distribution:   Offender; Inmate Issues

DOC 0070 (10/2001)
(Replaces DC 710-1274)

ILLINOIS DEPARTMENT OF CORRECTIONS

## Administrative Review Board
## Return of Grievance or Correspondence

**Offender:** _Bones_    _Clotus_    _N43426_
Last Name      First Name      MI      ID#

**Facility:** _STN_

☑ Grievance (Local Grievance # (if applicable): _____ )    or    ☐ Correspondence
Received: _10, 29, 02_    Regarding: _PRB issue_
Date

The attached grievance or correspondence is being returned for the following reasons:

**Additional information required:**

☐ Use the Committed Person's Grievance Report, DOC 0047 (formerly DC 5657), including the Grievance Officer's and Chief Administrative Officer's response, to appeal.

☐ Provide a copy of the Committed Person's Grievance, DOC 0046 (formerly DC 5657) including the counselor's response if applicable.

☐ Provide date(s) of disciplinary report(s) and facility where incident(s) occurred.

☐ Unable to determine nature of grievance or correspondence; submit additional specific information. Please return the attached grievance or correspondence with the additional information requested to:   Administrative Review Board
Office of Inmate Issues
1301 Concordia Court
Springfield, IL   62794-9277

**Misdirected:**

☐ Contact your correctional counselor regarding this issue.

☐ Request restoration of Good Conduct Credits (GCC) to Adjustment Committee. If request is denied, utilize the inmate grievance process outlined in Department Rule 504 for further consideration.

☐ Contact the Record Office with your request or to provide additional information.

☐ Personal property issues are to be reviewed at your current facility prior to review by the Administrative Review Board.

☑ Address concerns to:  Illinois Prisoner Review Board
319 E. Madison St., Suite A    ← Sent grievance out on 11-13-02
Springfield, IL  62706

**No further redress:**

☐ Award of Meritorious Good Time (MGT) and Statutory Meritorious Good Time (SMGT) are administrative decisions; therefore, this issue will not be addressed further.

☐ Not submitted in the timeframe outlined in Department Rule 504; therefore, this issue will not be addressed further.

☐ This office previously addressed this issue on _____/____/_____.
Date

☐ No justification provided for additional consideration.

**Other** (specify): _____

Completed by: _D GRAVEN_    _[signature]_    _10 27,02_
Print Name      Signature      Date

Distribution:  Offender; Inmate Issues

DOC 0070 (10/2001)
(Replaces DC 710-1274)



**Illinois
Department of
Corrections**

**George H. Ryan**
Governor

**Donald N. Snyder Jr.**
Director

Centralia Correctional Center / 9330 Shattuc Rd. / P.O. Box 1266 / Centralia, IL  62801 / Telephone: (618) 533-4111 / TDD: (800) 526-0844

M E M O R A N D U M

DATE:        September 17, 2001

TO:          Cletus Bones, N43426
             E4 – D6

FROM:        Joyce Deerhake
             Acting Record Office Supervisor

SUBJECT:     Release Date

You were released on MSR from Illinois River on 11-4-97.

JD:lh
file



# COOK COUNTY DEPARTMENT of CORRECTIONS
## 2700 S. CALIFORNIA AVE. CHICAGO ILL. 60608
### (773) 869-6810  FAX # (773) 869-7292

**Michael Sheahan**
Sheriff

**Ernesto Velasco**
Executive Director

### VERIFICATION OF INCARCERATION

CCDOC# _1996- 9642415_              DATE: _10-1-2002_

RE: Bones, Cletus Earl

YOUR # _____

D.O.B _11-17-1964_

SSN: _=          -74_

TO WHOM IT MAY CONCERN:

Pursuant to your request the following information is submitted:

Date entered CCDOC: _7-4-1996_

Date Released: _7-16-1996_          How Release: _Bond Out_

Case/Indictment #: _96-1332 01_          Case/Indictment #: _____

Charge: _____          Charge: _____

_____

_____

_____

_____

Lt. Sharon, Walls # 149
Unit Supervisor Records
Tx # (773) 869-2390
Fax # (773) 869-7292



RECEIVED

2002 OCT 20  PM 3: 19

# COOK COUNTY DEPARTMENT of CORRECTIONS
## 2700 S. CALIFORNIA AVE. CHICAGO ILL. 60608
### (773) 869-6810   FAX # (773) 869-7292

Michael Sheahan
**Sheriff**

Ernesto Velasco
**Executive Director**

## VERIFICATION OF INCARCERATION

CCDOC# *1997-9725859*          DATE: *10-1-2002*

RE:  *Bones, Cletus Earl*

YOUR # _____

D.O.B  *11-17-1964*

SSN: _____

TO WHOM IT MAY CONCERN:

Pursuant to your request the following information is submitted:

Date entered CCDOC:   *4-18-1997*

Date Released:    *4-21-1997*          How Release: *Shipped I.D.O.C*
                                                          *1 x R*

Case/Indictment #:   *96CR21126 00*   Case/Indictment #: _____

Charge:    *MANU/DEL 01-15* Charge: _____
                *Gr Co*

_____

_____

_____

_____

Lt. Sharon, Walls # 149
Unit Supervisor Records
Tx # (773) 869-2390
Fax # (773) 869-7292



## COOK COUNTY DEPARTMENT of CORRECTIONS
### 2700 S. CALIFORNIA AVE. CHICAGO ILL. 60608
### (773) 869-6810   FAX # (773) 869-7292

**Michael Sheahan**
**Sheriff**

**Callie L. Baird**
**Executive Director**

### VERIFICATION OF INCARCERATION

CCDOC# _1999-0023974_          DATE: _9-12-05_

RE: _Bones Cletus Earl_          _ILF# 639584_

D.O.B _11-17-1964_

SSN: _344 vr_

TO WHOM IT MAY CONCERN:

Pursuant to your request the following information is submitted:

Date entered CCDOC: _3-29-1999_

Date Released: _3-16-01_          How Release: _SHIPPED_

Case/Indictment #: _98382316_          Case/Indictment #: _IDOC-Hold_

Charge: _Domestic Battery_          Charge: _VOP/UNCT_

DISPOSITION: _SOle_          DISPOSITION: _CHARges Dropped_
DISPOSITION DATE: _10-2-1998_          DISPOSITION DATE: _10-2-98_
_19-97 - 9725859 - 4-19-1997 -_          _4-21-1997 - IDOC_
_1996 - 9642415 - 7-04-1996 -_          _Bond - 7-16-1996 Bond_
_1992 - 4264773 - 11-17-1992 -_          _12-24-1992 IDOC_

Completed by Administrative Assistant

_Dr. Johnson_
LT. D. JOHNSON #164
Unit Supervisor Records



## COOK COUNTY DEPARTMENT of CORRECTIONS
### 2700 S. CALIFORNIA AVE. CHICAGO ILL. 60608
### (773) 869-6810   FAX # (773) 869-7292

**Michael Sheahan**
**Sheriff**

**Ernesto Velasco**
**Executive Director**

### VERIFICATION OF INCARCERATION

CCDOC# *1999-0023974*          DATE: *10-2-2002*

RE: *BONES, Cletus Earl*

YOUR # _____

D.O.B *11-17-1964*

SSN: ~~*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*~~

TO WHOM IT MAY CONCERN:

Pursuant to your request the following information is submitted:

Date entered CCDOC: *3-29-1999*

Date Released: *3-16-2001*          How Release: *ShippED IDOC*
                                                        *8yrs*

Case/Indictment #: *99CR 8598*      Case/Indictment #: _____

Charge: *Agg Battery*         Charge: _____

_____

_____

_____

_____

**Lt. Sharon, Walls # 149**
**Unit Supervisor Records**
**Tx # (773) 869-2390**
**Fax # (773) 869-7292**

EXHIBIT 5

Michael F. Sheahan, Sheriff         Ernesto Velasco, Executive Director

## COOK COUNTY DEPARTMENT OF CORRECTIONS
2700 S. California Avenue, Chicago, Il. 60608
(773) 869-6810 Fax# (773) 869-7292

Verification of Incarceration

LAST
CCDOC # 1999-0023974        Date: 13 NOVEMBER, 2001

RE: BONES CLETUS EARL

YOUR # IR-629584

D.O.B. 1_____964

SSN: _____

To whom it may concern:

Pursuant to your request, the following information is submitted:

| CC DOC # INMATE NUMBER | DATE ENTERED CCDn | TYPE CHARGE | BOND/DISCHARGED DATE | TYPE (RELEASE /DISCH AC.) |
|---|---|---|---|---|
| 1999-0023974 | 3-29-1999 | Agg. Battery | 3-16-2001 | I.D.O. |
| 1998-9875110 | 9-27-1998 | Felony | 10-2-1998 | NOLE |
| 1997-9725859 | 4-17-1997 | Felony | 4-21-1997 | I.D.O. |
| 1996-9642415 | 7-4-1996 | Felony | 7-16-1996 | BOND |
| 1992-9264773 | 11-17-1992 | Felony | 12-24-1992 | I.D.O. |
| CASE # 99CR8598 | | SHIP | Agg. Battery. | |

by Dorothy Reeves

TITLE: Clerk

EXHIBIT #1    1/25/10 17:02 TABGAG    # 12    Page 40 of 52

IN TH_ _RCUL_ _OURT OF COOK COUNTY, ILLINOIS

COOK    DEPARTMENT _____    52
(County)    (Municipal)    (Division)    (District)

People of the State of Illinois

v.

BONES CLETUS
Defendant

NO. 96-CR-21__
I. R. # 0629584
S. I. D. # _____

off date
7-2-96

## ORDER OF SENTENCE AND COMMITMENT TO
## ILLINOIS DEPARTMENT OF CORRECTIONS

The defendant having been adjudged guilty of committing the offense(s) enumerated below,

**IT IS ORDERED** that the defendant ___CLETUS BONES___ be and is hereby
sentenced to the **ILLINOIS DEPARTMENT OF CORRECTIONS AS FOLLOWS:**

con. 7/2/97

ONE 1 YEAR

I-DOC

Statutory Citation
ense ___E-CS___    720 ILCS 570 T 401-C-2
ense _____    ILCS ___/___
ense _____    ILCS ___/___
ense _____    N/A  ILCS ___/___

**IT IS FURTHER ORDERED** that the Clerk of the Court shall deliver a copy of this order to the Sheriff of Cook County.

**IT IS FURTHER ORDERED** that the Sheriff of Cook County shall take the defendant into custody and deliver him/her to the
_ois Department of Corrections.

**IT IS FURTHER ORDERED** that the Illinois Department of Corrections shall take the defendant into custody and confine him/
_ in the manner provided by law until the above sentence is fulfilled.

ARED BY

TY CLERK
304    4/1794

CH. COURT    DATE

ENTER: _____
JUDGE    JUDGE'S NO.

972859
Ex. 27

01.Cr.421A-J

## SENTENCE CALCULATION WORK SHEET

### SINGLE OR CONCURRENT DETERMINATE SENTENCES UNDER 1978 LAW AND JAIL CREDIT

NAME _C. Bones_      NUMBER _N43426_      DATE _9.16.97_

**(STEP 1) (A)**

Yr.   Mo.   Day

| | | | |
|---|---|---|---|
| - | | | (Rel. on Bond, Etc.) (Arrest Date) |
| | | | (Jail Credits) |
| + | | 1 | (Add 1 Day) |
| | | | (Jail Credits) |

**(STEP 1) (B)**

Yr.   Mo.   Day

| | | | |
|---|---|---|---|
| - | | | (Rel. on Bond, Etc.) (Arrest Date) |
| | | | (Jail Credits) |
| + | | 1 | (Add 1 Day) |
| | | | (Jail Credits) |

**(STEP 1) (C)**

Yr.   Mo.   Day

| | | | |
|---|---|---|---|
| - | | | (Rel. on Bond, Etc.) (Arrest Date) |
| | | | (Jail Credits) |
| + | | 1 | (Add 1 Day) |
| | | | (Jail Credits) |

**(STEP 1) (D)**

Yr.   Mo.   Day

| | | | |
|---|---|---|---|
| - | | | (Rel. on Bond, Etc.) (Arrest Date) |
| | | | (Jail Credits) |
| + | | 1 | (Add 1 Day) |
| | | | (Jail Credits) |

**(STEP 2)**

Yr.   Mo.   Day

| | | | |
|---|---|---|---|
| - | | | (Jail Credits - A) |
| + | | | (Jail Credits - B) |
| + | | | (Jail Credits - C) |
| + | | | (Jail Credits - D) |
| | | | (Total Jail Credits) |

**(STEP 3)**    _Per corrected mitt_

Yr.   Mo.   Day

| | | | |
|---|---|---|---|
| | 97 | 4 | 17 | (Old Custody/ Sentence Date) |
| | (3) | (47) | | |
| - | | | 20 | (Total Jail Credits) |
| | 97. | 3. | 27 | (New Custody Date) |

**(STEP 4) (MITTIMUS NO. _96.21126_)**

PROJECTED OUT DATE

Yr.   Mo.   Day

| | | | |
|---|---|---|---|
| | 97 | 3 | 27 | (New Custody Date) |
| + | | | 6 | (Sentence Less Good Conduct Credits) |
| | 97. | 9. | 27 | (Projected Out Date) |
| +or- | | | | (Previous Time Lost/Awarded) |
| | 97 | 9 | 27 | (Adj. Proj. Out Date) |

**(STEP 5)**

MANDATORY OUT DATE

Yr.   Mo.   Day

| | | | |
|---|---|---|---|
| | 97 | 3 | 27 | (New Custody Date) |
| + | | | 1 | (Sentence) |
| | 98 | 3 | 27 | (Mandatory Out Date) |

Adj. Proj. Out Date _9.27.97_     Terminal Operator _(B)_

Mandatory Out Date _3.27.98_     Date Entered _____

Calculated By _(B)_

_Old sentence holds for release - 11.4.97_

DC 1321
IL 426-0521

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

_Cook_ _County_ DEPARTMENT _Criminal_
(County)    (Municipal)    (Division)    (District)

People of the State of Illinois

v.

_Cletus Bones_
Defendant

NO. _96 - 21126_

I. R. # _629584_

S. I. D. # _____

te of offense: 7-2-96

## ORDER OF SENTENCE AND COMMITMENT TO ILLINOIS DEPARTMENT OF CORRECTIONS

The defendant having been adjudged guilty of committing the offense(s) enumerated below,

IT IS ORDERED that the defendant _Cletus Bones_ be and is hereby
sentenced to the ILLINOIS DEPARTMENT OF CORRECTIONS AS FOLLOWS:

On 4.17.97 The Honorable Francis X Golniewicz sentences defdt on a finding of guilty. To a Term of (1) one yrs IDOC

Credit deft (30) days T.S. Actually served
Bond Revoked    o/c Mitt To issue

Offense _PCS_    _720 570_ ILCS _402 1 C_
Statutory Citation

Offense _____    _____ ILCS ___/___

Offense _____    _____ ILCS ___/___

Offense _____    _____ ILCS ___/___

IT IS FURTHER ORDERED that the Clerk of the Court shall deliver a copy of this order to the Sheriff of Cook County.

IT IS FURTHER ORDERED that the Sheriff of Cook County shall take the defendant into custody and deliver him/her to the Illnois Department of Corrections.

IT IS FURTHER ORDERED that the Illinois Department of Corrections shall take the defendant into custody and confine him/her in the manner provided by law until the above sentence is fulfilled.

PREPARED BY _____

DEPUTY CLERK

Rm 304    7/2/97
BRANCH COURT    DATE

ENTER: _____
JUDGE    1692    JUDGE'S NO.

AURELIA PUCINSKI, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS



**Illinois
Department of
Corrections**

**Rod R. Blagojevich**
Governor

**Roger E. Walker Jr.**
Director

**1301 Concordia Court / P.O. Box 19277 / Springfield IL 62794-9277 / Telephone: (217) 522-2666 / TDD: (800) 526-0844**

June 14, 2004

Mr. Cletus E. Bones
IL Register No. N43426
Hill Correctional Center
P.O. Box 1700
Galesburg, IL 61401

Dear Mr. Bones:

This is to acknowledge and respond to your correspondence to Chief Mary Hodge regarding your masterfile records.

The Illinois Department of Corrections' masterfile and computer system indicate that your Case 96CR2112601 from Cook County was for the offense of Possession of a Controlled Substance, a Class 4 felony with a sentence of 1 year. This case was discharged on September 27, 1998.

You are currently being held in the Illinois Department of Corrections on Case 99CR0859801 for the offense of Attempt Murder, a Class X felony, for which you were sentenced to a term of 8 years. This case is calculated at 85% of the 8 year sentence because the offense was committed on or after June 19, 1998. Your tentative mandatory supervised release date is June 20, 2006. Your security classification is low at the Hill Correctional Center.

The Illinois Department of Corrections does not have any control over the records of the Cook County jail. Any issues with Cook County jail must be addressed directly with Cook County jail.

I trust this addresses your concerns.

Sincerely,

*Ona M. Welch*

Ona M. Welch
Acting Chief Records Officer

OW:lmp

Cc:    Chief Mary Hodge
Masterfile at Hill Correctional Center
Correspondence File

Ex. 16

NAME:    BONES, CLETUS                  IDOC #:      N43426

DATE OF BIRTH:    _____       LIVING UNIT:    HIL-HIL-R2-A -67

HOLDING MITT CUSTODY DATE:                03/17/1999

DATE ENTERED DEPARTMENT OF CORRECTIONS:   12/24/1992

DATE RECEIVED AT:  HILL                   02/05/2003

PROJECTED DATE OF RELEASE FROM CUSTODY:   06/20/2006

TYPE OF RELEASE:  PROJECTED MSR DATE

DESCRIPTION OF OFFENSE:

| INDICTMENT # | OFFENSE | SENTENCE | | |
|---|---|---|---|---|
| | | YR | MO | DA |
| 99CR0859801 | ATTEMPT MURDER/INTENT TO KILL/INJURE | 0008 | 00 | 0000 |
| *96CR2112601 | POSS AMT CON SUB EXCEPT(A)/(D) | 0001 | 00 | 0000 |
| *92CR13383 | CONT SUBS ACT-MFG/DEL | 0003 | 00 | 0000 |
| *91CR10804 | CONT SUBS ACT-MFG/DEL | 0004 | 00 | 0000 |
| *84C6237 | AGG BATTERY/GREAT BODILY HARM | 0003 | 00 | 0000 |

ADDITIONAL INFO ON PAGE 2

NOTE : "*" DISCHARGED MITTS

_____
6/4/04
(DATE)

_Mary Lindley_
RECORDS OFFICE SUPERVISOR

HILL                                    CORR. CENTER

CC:  MASTERFILE

IDOC#: N43426 BONES, CLETUS              2 A L  HIL-R2-A -67        06/05/2006

| MITTIMUS<br>--NUMBER-- | MITT ADMIT<br>---DATE--- | SEQUENCE<br>--NUMBER--- | SENT<br>-TYPE- | CUSTODY<br>---DATE--- | SENTENCE<br>---DATE--- |
|---|---|---|---|---|---|
| 96CR2112601 | 4  21  97 | 2 | 1 | 3  27  97 | 4  17  97 |

| COMMITTING<br>----COUNTY---- | ARREST<br>-----CITY------ | MIN HOLD<br>--FLAG-- | MAX HOLD<br>--FLAG-- | DISCHARGE<br>FLAG-INST-RSN | DISCHARGE/<br>REMANDED<br>---DATE--- |
|---|---|---|---|---|---|
| COOK | | | | N   CEN   EXP | 9  27  98 |

NEXT KEY DATA: IDOC #: N43426
PF7:  MITT BACK  PF8:  MITT FORWARD     PF10: DUPL MITT BWD  PF11: DUPL MITT FWD
PRESS PF9 TO CHANGE



Warrant Number ___UP__ 930478____

### State of Illinois
## DEPARTMENT OF CORRECTIONS

# WARRANT

It appearing to the undersigned, an officer authorized by the Director of the Department of Corrections, that:

Subject, _Cletus Bones_____    N43426_____, a person
              (Name)                               (IDOC #)

in the lawful custody of the Department of Corrections pursuant to the Statutes of the State of Illinois, has escaped

from or has violated the rules and/or conditions of parole, Mandatory Supervised Release or the Community

Correctional Center program on the ____27_____ of ___April_____, 19_99_____.
                                 (day)                          (month)

It is hereby ordered that the above named person be retaken immediately into custody and held for delivery to the Director

of the DEPARTMENT OF CORRECTIONS or his duly authorized agent.

Given under my hand this ____27____ day of __April_____, 19_99___.

This Warrant is issued pursuant to the authority granted
the Department of Corrections in the Code of Correc-
tions, 730 ILCS 5/3-13-4 and 730 ILCS 5/3-14-2.

### State of Illinois
### DEPARTMENT OF CORRECTIONS

Seal

_____
Deputy Director, Community Services

_____
Issuing Officer

DC 735 (Rev. 10/95)
IL 426-0286

## ILLINOIS DEPARTMENT OF CORRECTIONS
Community Services Division - Community Supervision

## VIOLATION REPORT

Section A. Violation Details

TO: Chairman of PRB          FROM: Dist. Supervisor: Severia Morris

Ref:Releasee: CLETUS BONES   Inst. & No.: IRCC N43426
   A.K.A.: CLETUS E.   Date of Birth: _____ Sex: MALE   Race: BLK.
   FBI #: 789370X6      I.R. #: 629584   CCJ #:
   Release Date: 09/27/97   Sent. Exp. Date: 09/27/99   Violation Date: 03/27/99
   Custody Facility: N/A   Custody Date: AT LARGE
   Offense(s): AGG.BATT.W/FIREARM
IDOC Warrant #: UP990478     Date Issued: 04/27/99

**Brief description of the Alleged Violation (Include date, time and place of the offense, description and method of weapons used, identity and injury to victim(s), arrest date and arresting agency, criminal charges and custody/court/bond Information):**
Subject was arrested on 03/27/99 and charged with two counts of agg. Battery with a fire arm. He was arrested at 827 N.Massasoit Chicago Ill. Client was advised of miranda and transported to 015 dist.

**Other Arrests/Rule Violations During the Current Supervision Term:**
**Subject was arrested on 09/26/99 domestic battery**
**Agent's Recommendation For Sanctions:**
To be return to a Correctional Institution and Reviewed By the prisoner Review Board.
**Attachments (identify):**

_Joel Guyton_ /PAIII  4/28/99        _S. morris_ /DMS        4/28/99
Agent's Signature /No.      /Date    Supervisor's Signature      /Date

(NOTICE OF CHARGES ON REVERSE SIDE MUST BE COMPLETED AT THE SAME TIME THIS SECTION IS COMPLETED.)

                                        DCA 391
                                        (11/88)
                                        IL 426-12887

_on B.   NOTICE OF CHARGES OF ALLEGED PAROLE/M.S.R. VIOLATION;

_: CLETUS BONES  IDOC #: N43426

You are hereby notified that, as detailed on the reverse side of this form, you are charged with having committed the following violations of your conditional Release Agreement:

☒   1. Failure to comply with the following Special Conditions of Release: .
   ☐   a. Reporting as instructed
   ☐   b.
   ☐   c.

☒   2.  Failure to obey all municipal, county, state and federal laws and ordinances.

☐   3.  Failure to secure required approvals before visiting or writing to residents of Correctional Centers.

☐   4.  Leaving the state or Prestart zone without prior written permission of your agent.

☐   5.  a.  Failure to seek or maintain employment or training.

☐       b.  Failure to notify your agent before changing your residence or employment.

☐       c.  Failure to submit status reports as directed by an agent.

☒       d.  Failure to report all arrests to your agent.

☒   6.  Possession, use, sale or control of any firearm or other dangerous weapon.

If probable cause on any new criminal charge is not determined by the court prior to the hearing date, you are entitled to a Preliminary Parole/MSR Release Violation Hearing before an independent Hearing Officer to determine whether or not probable cause exists that you did commit one or more of the violations checked above. You may appear and speak on your own behalf at this hearing, and you may present evidence or witnesses to rebut the charges.

Your preliminary hearing is now scheduled to be held on:

_____, 19 _____ at _____ a.m./p.m.

   at: _____

NOTE:  If probable cause is found at the preliminary parole revocation hearing, you may request that the hearing officer recommend to the Prisoner Review Board the withdrawal of the parole violation warrant pending a final parole revocation hearing.

As an alternative to the scheduled hearing, you may exercise one of the following options by initialing the indicated box:

   [ ]   A. I request that my preliminary hearing be postponed for up to 30 days from today's date to permit me to obtain an attorney and/or witnesses.  I understand that it is my responsibility to present these individuals at my initials hearing on:

Initials   _____, 19 _____ at _____ a.m./p.m.

   [ ]   B. I elect to waive my preliminary hearing with the understanding that I will be afforded a full Revocation hearing before the Prisoner Review Parole Board.  This waiver does not indicate any admission of guilt to the above violations.

Initials

I HAVE RECEIVED A COPY OF THIS NOTICE OF CHARGES:

_____   ON _____/_____/_____
      Releasee's Signature

A COPY OF THIS NOTICE WAS DELIVERED TO THE ALLEGED VIOLATOR BY:

_____   ON _____/_____/_____
      Signature and Title

(VIOLATION DETAILS ON THE REVERSE SIDE)
DISTRIBUTION:  Releasee (Original) (1)      Releasee's Case File (1)
            Releasing Authority (1)      Hearing Officer (1)                      DCA 391 (11/88)
            F. S. Representative (1)     If F.O.S. Case, Int. Compact (1)        IL 426-12887

RECEIVED

MAY 03 1999

Prisoner Review Board



## OFFICE OF THE ATTORNEY GENERAL
STATE OF ILLINOIS

**Lisa Madigan**
ATTORNEY GENERAL

August 5, 2005

Cletus Bones, #N-43426
Hill Correctional Center
P.O. Box 1327
Galesburg, IL 61401

>     **Re:   Cletus Bones, #N43426 v. Illinois Department of Corrections, et al.
>     Sangamon County Case No. 03-MR-377**

Dear Mr. Bones:

Pursuant to our conversation today, August 5, 2005, during our scheduled telephonic court hearing, I am enclosing a copy of an affidavit from Ken Tupy, legal counsel for the Prison Review Board, and attachment stating enumerating pertinent corrections as discussed during the aforementioned hearing.

Sincerely,

John J. Weathers
Assistant Attorney General

JJW/ldw
Enclosure

**730 ILCS 5/5–8–1**                CORRECTIONS                728

a determinate sentence set by the court under this Section, according to the following limitations:

(1) for first degree murder,

(a) a term shall be not less than 20 years and not more than 60 years, or

(b) if a trier of fact finds beyond a reasonable doubt that the murder was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty or, except as set forth in subsection (a)(1)(c) of this Section, that any of the aggravating factors listed in subsection (b) of Section 9-1 of the Criminal Code of 1961 [1] are present, the court may sentence the defendant to a term of natural life imprisonment, or

(c) the court shall sentence the defendant to a term of natural life imprisonment when the death penalty is not imposed if the defendant,

(i) has previously been convicted of first degree murder under any state or federal law, or

(ii) is a person who, at the time of the commission of the murder, had attained the age of 17 or more and is found guilty of murdering an individual under 12 years of age; or, irrespective of the defendant's age at the time of the commission of the offense, is found guilty of murdering more than one victim, or

(iii) is found guilty of murdering a peace officer or fireman when the peace officer or fireman was killed in the course of performing his official duties, or to prevent the peace officer or fireman from performing his official duties, or in retaliation for the peace officer or fireman performing his official duties, and the defendant knew or should have known that the murdered individual was a peace officer or fireman, or

(iv) is found guilty of murdering an employee of an institution or facility of the Department of Corrections, or any similar local correctional agency, when the employee was killed in the course of performing his official duties, or to prevent the employee from performing his official duties, or in retaliation for the employee performing his official duties, or

(v) is found guilty of murdering an emergency medical technician—ambulance, emergency medical technician—intermediate, emergency medical technician—paramedic, ambulance driver or other medical assistance or first aid person while employed by a municipality or other governmental unit when the person was killed in the course of performing official duties or to prevent the person from performing official duties or in retaliation for performing official duties and the defendant knew or should have known that the murdered individual was an emergency medical technician—ambulance, emergency medical technician—intermediate, emergency medical technician—paramedic, ambulance driver, or other medical assistant or first aid personnel, or

(vi) is a person who, at the time of the commission of the murder, had not attained the age of 17, and is found guilty of murdering a person under 12 years of age and the murder is committed during the course of aggravated criminal sexual assault, criminal sexual assault, or aggravated kidnaping, or

(vii) is found guilty of first degree murder and the murder was committed by reason of any person's activity as a community policing volunteer or to prevent any person from engaging in activity as a community policing volunteer. For the purpose of this Section, "community policing volunteer" has the mean-

ing ascribed to it in Section 2-3.5 of the Criminal Code of 1961.[2]

For purposes of clause (v), "emergency medical technician—ambulance", "emergency medical technician—intermediate", "emergency medical technician—paramedic", have the meanings ascribed to them in the Emergency Medical Services (EMS) Systems Act.[3]

(d) (i) if the person committed the offense while armed with a firearm, 15 years shall be added to the term of imprisonment imposed by the court;

(ii) if, during the commission of the offense, the person personally discharged a firearm, 20 years shall be added to the term of imprisonment imposed by the court;

(iii) if, during the commission of the offense, the person personally discharged a firearm that proximately caused great bodily harm, permanent disability, permanent disfigurement, or death to another person, 25 years or up to a term of natural life shall be added to the term of imprisonment imposed by the court.

(1.5) for second degree murder, a term shall be not less than 4 years and not more than 20 years;

(2) for a person adjudged a habitual criminal under Article 33B of the Criminal Code of 1961, as amended,[4] the sentence shall be a term of natural life imprisonment;

(2.5) for a person convicted under the circumstances described in paragraph (3) of subsection (b) of Section 12-13, paragraph (2) of subsection (d) of Section 12-14, paragraph (1.2) of subsection (b) of Section 12-14.1, or paragraph (2) of subsection (b) of Section 12-14.1 of the Criminal Code of 1961,[5] the sentence shall be a term of natural life imprisonment;

(3) except as otherwise provided in the statute defining the offense, for a Class X felony, the sentence shall be not less than 6 years and not more than 30 years;

(4) for a Class 1 felony, other than second degree murder, the sentence shall be not less than 4 years and not more than 15 years;

(5) for a Class 2 felony, the sentence shall be not less than 3 years and not more than 7 years;

(6) for a Class 3 felony, the sentence shall be not less than 2 years and not more than 5 years;

(7) for a Class 4 felony, the sentence shall be not less than 1 year and not more than 3 years.

(b) The sentencing judge in each felony conviction shall set forth his reasons for imposing the particular sentence he enters in the case, as provided in Section 5-4-1 of this Code. Those reasons may include any mitigating or aggravating factors specified in this Code, or the lack of any such circumstances, as well as any other such factors as the judge shall set forth on the record that are consistent with the purposes and principles of sentencing set out in this Code.

(c) A motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within 30 days after the sentence is imposed. A defendant's challenge to the correctness of a sentence or to any aspect of the sentencing hearing shall be made by a written motion filed within 30 days following the imposition of sentence. However, the court may not increase a sentence once it is imposed.

If a motion filed pursuant to this subsection is timely filed within 30 days after the sentence is imposed, the proponent of the motion shall exercise due diligence in seeking a determination on the motion and the court shall thereafter decide such motion within a reasonable time.

720 ILCS 570/401          CRIMINAL OFFENSES          478

or objects containing in them or having upon them any amount of any substance listed in paragraph (1), (2), (2.1), (3), (14.1), (19), (20), (20.1), (21), (25), or (26) of subsection (d) of Section 204, or an analog or derivative thereof;

(C) not less than 12 years and not more than 50 years with respect to: (i) 400 grams or more but less than 900 grams of a substance listed in paragraph (1), (2), (2.1), (3), (14.1), (19), (20), (20.1), (21), (25), or (26) of subsection (d) of Section 204, or an analog or derivative thereof, or (ii) 600 or more pills, tablets, caplets, capsules, or objects but less than 1,500 pills, tablets, caplets, capsules, or objects containing in them or having upon them any amount of any substance listed in paragraph (1), (2), (2.1), (3), (14.1), (19), (20), (20.1), (21), (25), or (26) of subsection (d) of Section 204, or an analog or derivative thereof;

(D) not less than 15 years and not more than 60 years with respect to: (i) 900 grams or more of any substance listed in paragraph (1), (2), (2.1), (3), (14.1), (19), (20), (20.1), (21), (25), or (26) of subsection (d) of Section 204, or an analog or derivative thereof, or (ii) 1,500 or more pills, tablets, caplets, capsules, or objects containing in them or having upon them any amount of a substance listed in paragraph (1), (2), (2.1), (3), (14.1), (19), (20), (20.1), (21), (25), or (26) of subsection (d) of Section 204, or an analog or derivative thereof;

(8) 30 grams or more of any substance containing pentazocine or any of the salts, isomers and salts of isomers of pentazocine, or an analog thereof;

(9) 30 grams or more of any substance containing methaqualone or any of the salts, isomers and salts of isomers of methaqualone, or an analog thereof;

(10) 30 grams or more of any substance containing phencyclidine or any of the salts, isomers and salts of isomers of phencyclidine (PCP), or an analog thereof;

(10.5) 30 grams or more of any substance containing ketamine or any of the salts, isomers and salts of isomers of ketamine, or an analog thereof;

(11) 200 grams or more of any substance containing any other controlled substance classified in Schedules I or II, or an analog thereof, which is not otherwise included in this subsection.

(b) Any person sentenced with respect to violations of paragraph (1), (2), (3), (6.5), (6.6), (7), or (7.5) of subsection (a) involving 100 grams or more of the controlled substance named therein, may in addition to the penalties provided therein, be fined an amount not more than $500,000 or the full street value of the controlled or counterfeit substance or controlled substance analog, whichever is greater. The term "street value" shall have the meaning ascribed in Section 110–5 of the Code of Criminal Procedure of 1963.[1] Any person sentenced with respect to any other provision of subsection (a), may in addition to the penalties provided therein, be fined an amount not to exceed $500,000.

(c) Any person who violates this Section with regard to the following amounts of controlled or counterfeit substances or controlled substance analogs, notwithstanding any of the provisions of subsections (a), (b), (d), (e), (f), (g) or (h) to the contrary, is guilty of a Class 1 felony. The fine for violation of this subsection (c) shall not be more than $250,000:

(1) 1 gram or more but less than 15 grams of any substance containing heroin, or an analog thereof;

(2) 1 gram or more but less than 15 grams of any substance containing cocaine, or an analog thereof;

(3) 10 grams or more but less than 15 grams of any substance containing morphine, or an analog thereof;

(4) 50 grams or more but less than 200 grams of any substance containing peyote, or an analog thereof;

(5) 50 grams or more but less than 200 grams of any substance containing a derivative of barbituric acid or any of the salts of a derivative of barbituric acid, or an analog thereof;

(6) 50 grams or more but less than 200 grams of any substance containing amphetamine or any salt of an optical isomer of amphetamine, or an analog thereof;

(6.5) 5 grams or more but less than 15 grams of any substance containing methamphetamine or any salt or optical isomer of methamphetamine, or an analog thereof;

(7)(i) 5 grams or more but less than 15 grams of any substance containing lysergic acid diethylamide (LSD), or an analog thereof, or (ii) more than 10 objects or more than 10 segregated parts of an object or objects but less than 15 objects or less than 15 segregated parts of an object containing in them or having upon them any amount of any substance containing lysergic acid diethylamide (LSD), or an analog thereof;

(7.5)(i) 5 grams or more but less than 15 grams of any substance listed in paragraph (1), (2), (2.1), (3), (14.1), (19), (20), (20.1), (21), (25), or (26) of subsection (d) of Section 204, or an analog or derivative thereof, or (ii) more than 10 pills, tablets, caplets, capsules, or objects but less than 15 pills, tablets, caplets, capsules, or objects containing in them or having upon them any amount of any substance listed in paragraph (1), (2), (2.1), (3), (14.1), (19), (20), (20.1), (21), (25), or (26) of subsection (d) of Section 204, or an analog or derivative thereof;

(8) 10 grams or more but less than 30 grams of any substance containing pentazocine or any of the salts, isomers and salts of isomers of pentazocine, or an analog thereof;

(9) 10 grams or more but less than 30 grams of any substance containing methaqualone or any of the salts, isomers and salts of isomers of methaqualone, or an analog thereof;

(10) 10 grams or more but less than 30 grams of any substance containing phencyclidine or any of the salts, isomers and salts of isomers of phencyclidine (PCP), or an analog thereof;

(10.5) 10 grams or more but less than 30 grams of any substance containing ketamine or any of the salts, isomers and salts of isomers of ketamine, or an analog thereof;

(11) 50 grams or more but less than 200 grams of any substance containing a substance classified in Schedules I or II, or an analog thereof, which is not otherwise included in this subsection.

(c–5) Any person who violates this Section with regard to possession of any methamphetamine manufacturing chemical set forth in paragraph (z–1) of Section 102 with intent to manufacture 15 grams or more but less than 30 grams of methamphetamine, or salt of an optical isomer of methamphetamine or any analog thereof, is guilty of a Class 1 felony. The fine for violation of this subsection (c–5) shall not be more than $250,000.

(d) Any person who violates this Section with regard to any other amount of a controlled or counterfeit substance classified in Schedules I or II, or an analog thereof, which is (i) a narcotic drug, (ii) lysergic acid diethylamide (LSD) or an analog thereof, or (iii) any substance containing amphetamine or methamphetamine or any salt or optical isomer of amphet-

IN THE CIRCUIT COURT OF COOK COUNTY

PEOPLE OF THE STATE OF ILLINOIS    )    CASE NUMBER    99CR0859801
               V.    )    DATE OF BIRTH
CLETUS    BONES    )    DATE OF ARREST    03/27/99
Defendant    IR NUMBER 0629584    SID NUMBER 023618410

ORDER OF COMMITMENT AND SENTENCE TO
ILLINOIS DEPARTMENT OF CORRECTIONS
====================================

The above named defendant having been adjudged guilty of the offense(s) enumerated below
is hereby sentenced to the Illinois Department of Corrections as follows:

| Count | Offense | Statutory Citation | Sentence | | Class |
|---|---|---|---|---|---|
| 1 | Att first Degree Murder | 720-5/8-4 (720-5/9-1 | 8 YRS. | 0 MOS. | X |
| 2 | Att first Degree Murder | 720-5/8-4 (720-5/9-1 | 8 YRS. | 0 MOS. | X |

and said sentence shall run (concurrent with)(consecutive to) the sentence imposed on:

and said sentence shall run (concurrent with)(consecutive to) the sentence imposed on:

    YRS. _____    MOS. _____

and said sentence shall run (concurrent with)(consecutive to) the sentence imposed on:

    YRS. _____    MOS. _____

and said sentence shall run (concurrent with)(consecutive to) the sentence imposed on:

    YRS. _____    MOS. _____

On Count _____ defendant having been convicted of a class _____ offense is sentenced as
a class x offender pursuant TO 730 ILCS 5/5-5-3(C)(8).

On Count _____ defendant is sentenced to AN EXTENDED TERM PURSUANT TO 730 ILCS 5/5-8-2.

The Court finds that the defendant is entitled to receive credit for time actually served
in custody for a total credit of _____ days as of the date of this order

IT IS FURTHER ORDERED that the above sentence(s) be (concurrent with)(consecutive to)
the sentence imposed in case number(s) _____
AND: (concurrent with)(consecutive to) the sentence imposed under case number(s) _____

IT IS FURTHER ORDERED that    Johnny Davis
ENTERED

IT IS FURTHER ORDERED that the Clerk provide the Sheriff of Cook County with a copy of this Order and that the Sheriff
take the defendant into custody and deliver him/her to the Illinois Department of Corrections and that the Department take
him/her into custody and confine him/her in a manner provided by law until the above sentence is fulfilled.

DOROTHY BROWN
Clerk of the Circuit Court

DATED    MARCH 14, 2001    ENTER:    03/14/01

CERTIFIED BY    J DAVIS
DEPUTY CLERK    JUDGE: HOLT, LEO E    0235