UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CLETUS BONES,
    Plaintiff,

vs.                                                                                     05-1302

ROGER WALKER, et. al.,
    Defendants.

ORDER

    This cause is before the court for consideration of the plaintiff's two "motions for rehearing" on the court's October 26, 2005, order dismissing plaintiff's case on merit review. [d/e 12, 16]. While the court will not grant another court hearing, the court will consider the motions as motions to reconsider the court's order.

    A post-judgment motion seeking substantive relief from a judgment must be made pursuant to either Rule 59 or Rule 60(b) of the Federal Rules of Civil Procedure. Rule 59(e) motions to alter or amend the judgment must be filed within ten business days of the entry of judgment. *Hope v. United States*, 43 F.3d 1140, 1143 (7th Cir. 1994), cert. denied, 115 S.Ct. 2558 (1995). The plaintiff did not provide either motion to prison officials within this time frame. Therefore, the court will consider the plaintiff's motions as motions pursuant to Rule 60 of the Federal Rules of Civil Procedure.

    A motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b) "permits a party to seek relief from judgment on the grounds of mistake, inadvertence, excusable neglect, newly discovered evidence, and fraud." *American Federation of Grain Millers, Local 24 v. Cargill Inc.*, 15 F.3d 726, 728 (7th Cir. 1994). Such relief is warranted "only upon a showing of extraordinary circumstances that create a substantial danger that the underlying judgment was unjust." *Margoles v. Johns,* 798 F.2d 1069, 1073 (7th Cir. 1986).

    The plaintiff's complaint was filed pursuant to 42 U.S.C.§ 1983 and alleged that he was "unlawfully incarcerated" on two occasions. The plaintiff stated that in April of 1997, he was convicted of the offense of Possession of a Controlled Substance. For reasons that are not entirely clear from the plaintiff's complaint, he claims he was held for 38 days longer than he should have been and this amounts to unlawful imprisonment. The plaintiff was released on November 4, 1997.

    In addition, the plaintiff says he was charged with a second crime on March 29, 1999. The plaintiff says this is when he discovered there was an improper parole hold based on his 1997 case and he was therefore not allowed to bond out on his new charge. The plaintiff said records for the Illinois Department of Corrections improperly listed his conviction as Manufacturing and Delivery of a Controlled Substance. "Due to the neglect of the Illinois Department of Corrections the plaintiff spent several days of unlawful imprisonment which is a violation of the due process clause of the Fourteenth Amendment." (Comp, p. 4-5) Again, it is not clear how the error lead to any additional time served, but the plaintiff says he was unlawfully incarcerated for an additional 182

days.

The plaintiff also stated that on August 13, 2003, he filed a mandamus complaint in Sangamon County Circuit Court, Case 03-MR 377, concerning the alleged errors. The case was dismissed in August of 2005. The records submitted by the plaintiff indicate that a "settlement has been accomplished." (Plain. Ex. 46, court record) The plaintiff says he has asked the defendants for damages, but they would not agree to that request.

The court dismissed the plaintiff's claim stating they were barred by the two year statute of limitations period. *See* October 26, 2005 Court Order. The plaintiff now argues that he could not have filed this complaint until "after the mandamus had been ruled on by the Sangamon County Court." (Plain. Memo, p. 1) The plaintiff says he did not receive a decision from the state court until August 5, 2005 and he filed this lawsuit two months later on October 6, 2005.

Section 1983 claims borrow the statute of limitations established by the state in which the claims are filed. *Shropshear v. Corp. Counsel of the City of Chicago,* 275 F.3d 593, 594 (7th Cir.2001). "[T]he appropriate statute of limitations for §1983 cases filed in Illinois is two years as set forth in 735 ILCS §5/13-202."*Ashafa v. City of Chicago,* 146 F.3d 459, 461 (7th Cir. 1998). However, the plaintiff is arguing that the doctrine of equitable tolling or equitable estoppel should apply to his case.

The doctrine of equitable tolling permits a plaintiff to avoid the bar of the statute of limitations if through no fault or lack of due diligence on plaintiff's part, he was unable to sue before. In contrast, the doctrine of equitable estoppel comes into play if the defendant takes active steps to prevent the plaintiff from suing. *Shropshear,* 275 F.3d at 595. The court notes that while the plaintiff claims the defendants are responsible for any delay in his filing, he has presented no evidence to support this accusation.[1] Therefore, the court will consider only the equitable tolling doctrine as it applies to the facts of this case.

The doctrine of equitable tolling is straightforward: "a person is not required to sue within the statutory period if he cannot in the circumstances reasonably be expected to do so." *Central States, Southeast & Southwest Areas Pension Fund v. Slotky,* 956 F.2d 1369, 1376 (7th Cir.1992). The plaintiff must show reasonable diligence during the entire time prior to filing his lawsuit. *Singletary v Continental Ilinois National Bank and Trust Co. Of Chicago,* 9 F.3d 1236, 1243 (7th Cir. 1993). *See Elmore v Henderson*, 227 F.3d 1009, 1013 (7th Cir. 2000) (plaintiff"could not possible invoke the doctrine of equitable tolling unless he sued just as soon as possible after the judge's action made him realize the statute of limitations period had run. He waited four months to sue and has offered no excuse for the delay.")

The plaintiff has submitted various documents in support of his argument. The plaintiff has also submitted copies of grievances he filed within the Illinois Department of Corrections. The main point of the plaintiff's grievances is he does not believe he should be designated as a high escape risk. He apparently believes the designation is the result of the error in his records. He also

---

[1]The plaintiff makes reference to "ex. 1" in support of his claims that defendants prevented him from filing his lawsuit. However, this exhibit is simply a proof of service form.

makes mention of "excess parole." (Plain Memo, March 7, 2003 grievance). However, there is no mention of any extra time served as a result of the errors.

The plaintiff has also provided a copy of the docket from his state case dated August 5, 2005. It states that an affidavit will be provided to correct the plaintiff's records. "Pursuant thereto, a settlement has been accomplished. Case dismissed. Cause stricken." (Plain. Mot, Ex. 2). The plaintiff has submitted an affidavit from legal counsel for the Prisoner Review Board dated June 22, 2005. The affidavit states that there was a discrepancy in the plaintiff's records concerning an indictment against the plaintiff. Counsel Ken Tupy states the records have been corrected. There is no mention of any additional time served as a result of the discrepancy.

The court notes that paperwork submitted by the plaintiff indicates that he is currently being held for the offense of Attempted Murder and it appears this was the offense he was arrested for on March 29, 1999.

The plaintiff does not state why the errors he complained of could have resulted in extra time served. It now appears that he did not exhaust his administrative remedies for this claim within the Illinois Department of Corrections since this was not the subject of his grievances, nor the grievance that he appealed to the Administrative Review Board.

In addition, the plaintiff does not explain why he failed to even file his mandamus complaint until August of 2003. The first error the plaintiff complains of resulted in his release on November 4, 1997. The plaintiff says he discovered the second error in March of 1999. By the plaintiff's rendition of events, he should have filed his lawsuit on or before March of 2001. The plaintiff has wholly failed to explain why the extraordinary delay.

Lastly, the state court did not resolve this issue in the plaintiff's favor. A settlement was reached and the case was dismissed.

The plaintiff has failed to demonstrate that he used due diligence to file his claims prior to October of 2005. His motions to reconsider the court's order dismissing his case is denied.

**IT IS THEREFORE ORDERED that:**

the plaintiff's motions for relief from judgement pursuant to Rule 60(b) of the Federal Rules of Civil Procedure is denied. [d/e 12, 16]

Enter this 18th day of September, 2006.

s\Harold A. Baker

_____
HAROLD A.. BAKER
UNITED STATES DISTRICT JUDGE